## MORRIS *vs.* COOK.

A plea of title to a portion of the premises claimed in an action of ejectment, put in *puis darrein continuance* after a plea of the general issue, is not a waiver of the general issue, so as to authorize the plaintiff on the neglect of the defendant to rejoin to a replication put in by the plaintiff, to take judgment on the whole declaration; it is a waiver of only so much of the general issue as is covered by the second plea. The plea may be bad as not answering the whole declaration; but if so, the plaintiff should have demurred.

MOTION to set aside a default for not rejoining, and the proceedings on the part of the plaintiff subsequent to the default. The action was *ejectment* for a dwelling house orchard and garden. The defendant pleaded the general issue, and afterwards, as to 3-10ths of one acre of the premises in question, pleaded a title acquired by him, *puis darrien continuance.* To this the plaintiff replied specially, and demanded a rejoinder within 20 days, which not being delivered, the defendant's default was entered and judgment taken for the whole premises.

*H. Bennett*, for the motion.

*J. Edwards*, contra.

*By the Court*, COWEN, J. It is supposed by the plaintiff's counsel that a plea puis, &c. is a waiver of all previous pleas, whether it be interposed to the *whole* or only part of the plaintiff's action. The rule is perhaps universal where the plea goes to the whole subject of the declaration. But where it goes to one of several counts, or to any particular part of an entire claim, I can see no reason for making it a waiver beyond what it professes to answer. In *Rayner* v. *Dyett*, 2 Wend. 300, a plea *puis*, of a discharge of the body from imprisonment, was held to be no waiver of the previous general pleas in bar. Why was this so? Plainly because the plea *puis* was partial. It affected the remedy merely. It acted as a waiver no farther than it was intended as an answer.

ALBANY,
May, 1839.

There it was received to qualify the plaintiff's claim. The former pleas being allowed to stand in full force, a repetition as to part, would have been worse than useless, because leading to unnecessary prolixity. The plea in question may be bad for not answering the whole declaration, or some distinct count; but the remedy for that was to demur. The motion is granted with costs.