### DANIEL LINCOLN v. REUBEN R. THRALL.

#### The plea of Puis Darrein Continuance, its effect &c.

The plea of *puis darrein continuance*, in its legal effect, is a waiver of all previous pleas, and the cause of action on the record, stands admitted to the same extent, as it would have been, if no defence had been urged other than that set up in the plea itself; such a plea, in fact, strikes from the record, by operation of law, all previous pleas, and everything stands confessed, except the special matter contested by the plea.

And the fact, that a plea of the *general issue* was filed with the plea of *puis darrein continuance*, will not effect the rights of the parties.

The plea of *puis darrein continuance*, in the present case, goes to the plaintiff's right of action— *Quaere*—Whether the rule would not have been different, if it had simply effected the plaintiff's remedy.

ASSUMPSIT, on a promissory note payable in installments, to recover the first payment specified in said note.

At the September Term, 1851, of the county court, the defendant pleaded the general issue, and also an independent plea of *puis darrein continuance*, in bar to the suit. The court overruled the last mentioned plea, and the defendant reviewed.

Lincoln *v.* Thrall.

At the September Term, 1852,—PIERPOINT, J., presiding,—the cause was tried upon *demurrer* to said last named plea, and the court adjudged said plea insufficient, and the cause was continued to the April Term, 1853, of said court. And at said April Term, on trial of the general issue, the plaintiff insisted, that he was entitled to a judgment, in his favor, in chief, in said cause, and that the judgment against the defendant upon said plea precluded him from making further defence in said cause; and that said plea *puis darrein continuance* was a waiver, on his part of all other pleas or defences.

The court refused so to rule, and the plaintiff thereupon became non-suit, under a rule that he have leave to move to set the same aside, and for a new trial, if the court erred in the ruling aforesaid.

The record of the county court, which was made part of the bill of exceptions, was as follows:

"Entered in court April Term, 1850.

Verdict for defendant, and Review by plaintiff April Term, 1851.

Jury not agreed—Continued—Plea *puis darrein continuance* filed 18th Sept.—September Term, 1851.

Judgment for plaintiff—Review by defendant April Term, 1852.

Judgment that plea in bar is insufficient, September Term, 1852.

Non-suit, with leave to set aside—Exceptions by plaintiff April Term, 1853."

The plaintiff having made the motion aforesaid, the court overruled the same.

Exceptions by plaintiff.

*Parker & Nicholson* and *M. G. Everts* for plaintiff.

A plea "*puis darrien continuance*" is a waiver of all previous pleas, and no advantage can afterwards be taken of them. 1 Chitty's Plead. 653. *Culver* v. *Barney*, 14 Wend. 161. *Kimball* v. *Huntington*, 10 Wend. 675. *Webb* v. *Steele*, 13 N. N. 230. *Spafford* v. *Woodruff*, 2 McLean 191. *Scott* v. *Brokan*, 6 Blackf. 241. *Den* v. *Sauderlin*, 3 Harr. 426. *Saddler* v. *Fisher*, 3 Ala. 200. *Renner* v. *Marshall*, 1 Wheaton 215. 1 Salk. 168. 2 Stra. 1105. 1 Marsh. 70, 780. 5 Taunt. 333.

Lincoln v. Thrall.

*W. H. Smith* for defendant.

I. The claims of the plaintiff, in this matter, rest solely upon the most subtle technicality, and are entitled to no favor.

This plea, however it may be drawn, filed or entitled, is not a plea "*puis darrein continuance.*" It is a special plea, pleaded to the *further* maintainance of the suit, and for which there are authorities and precedents.

The distinction between these pleas, runs through the books. If matters of defence arise *after suit is brought,* " but *before plea,* it is to be pleaded as to the *further* maintainance of the suit."

If " *after plea* pleaded and *before replication,* or *after issue join-ed* it is *puis darrein continuance.*" 1 Chitty's Plead. 695–6. 20 Johns. 414. 7 Johns. 193, note and cases cited. 4 East. 502.

This plea was not filed after any other plea had been, but this and the *general issue* were filed in one paper, at the same time.

II. The text or dicta upon which the plaintiff relies is hardly sustained by the adjudged cases to which it refers. The first case in which this plea is said to be *a waiver* of the former pleas is in 1 LD. RAYMOND 693; and for authority in this case, the court refer to the opinion of CH. J. HOLT, in a case in Moore 871, where it is only decided that the plea, *puis darrein continuance* cannot be pleaded after *a demurrer,* which doctrine has long since exploded. Whenever since, this point has been raised, it has been by *mere dicta* of the judge; and no adjudged case, it is believed, can be found in which that principle has been distinctly recognized.

In *principle* the plea *puis darrein continuance* is not different from any other pleading or defence, except as to the time when the defence, so to be pleaded, arises. *Paris* v. *Salkeld,* 2 Wilson 138.

The dicta relied upon presupposes that the defence so arising must be an *absolute unquestionable perfect defence ;* and that the party brings it to the notice of the court, and seeks their opinion whether it be such defence or not, under the penalty of forfeiting all, if he has misjudged.

Such is not the *policy* of the law of pleading in modern times, when the party is permitted to plead double, or any number of special matters of defence. And this view seems inconsistent with the language of the books, when we read, that " whenever

*any* matter of defence " &c. shall so arise &c., the party may so plead, &c. 1 Chitty's Plead. 696.

It fully appears from the record in this case, that *neither* party apprehended the law, as now claimed by the plaintiff, till in the midst of a jury trial; the court, unless impelled by inflexible principles of law, should not sacrifice the cause for the technical error, (if there is one,) committed by the defendant: but if necessary permit the defendant to withdraw the plea, and take a trial upon the general issue, or render such judgment as will upon the *whole record* best subserve the ends of justice, disregarding technical errors. 4 East. 502.

The opinion of the court was delivered by

BENNETT, J. This case stood upon the general issue, and at the September Term, 1851, a special plea of *puis darrien continuance* was filed, which upon *demurrer* was held bad; and the question now is, whether the plaintiff thereupon became entitled to a final judgment against the defendant, notwithstanding the plea of the general issue. From the record of the county court, which is a part of the bill of exceptions, it appears there had been one jury trial, and a verdict for the defendant, before this plea was filed; and now the plaintiff claims he should have judgment for his demand. We think a plea of this description is in legal effect a waiver of all previous pleas, the cause of action on the record stands admitted to the same extent, as it would have been, if no defence had been urged, other than that set up in the plea of *puis darrein continuance ;* and the effect of such a plea is to strike from the record, by operation of law, all previous pleas, and everything stands confessed, except the special matter contested by the plea. This is fully established by the cases cited in argument. The principle is, that the defendant has only a qualified right to avail himself of matter to be contested by means of a plea, *puis darrein continuance ;* and to avail himself of such matter, he is required to yield up the cause, in all other respects.

It is now said in argument that this plea, though in form a plea, *puis darrein continuance,* still in legal effect it is but a plea in bar simply of a further maintenance of the action, and that the court should so treat it; but we think not. The case at the previous

term before this plea was filed had been at issue, and tried and a verdict for the defendant.

The fact, that the defendant, when he filed this special plea, filed anew the general issue should not effect the rights of the parties. It was none the less a waiver of all other defences.

The plea in this case goes to the plaintiff's right of action; and does not simply affect the remedy. If it simply affected the remedy, the case might merit a different consideration.

The result is, the judgment of the county court is reversed, and the rule for setting aside the non-suit is made absolute, and the case remanded to the county court.