THE ILLINOIS CENTRAL RAILROAD COMPANY

*v.*

ANNIE M. PARKS.

1. DAMAGES—*whether excessive.* In a suit against a railway company, by a lady passenger, for a personal injury caused by gross negligence, and where it appeared the injury was severe, her spine being injured permanently, she being a person of education and a teacher by profession, $8958 damages, while considered large, was held not so excessive as to warrant a reversal of the judgment.

2. ERROR—*that does not prejudice.* This court will not consider whether the court below erred in refusing to suppress a deposition which was not read in evidence.

3. CONTINUANCE—*when grounds are obviated.* A refusal to grant a continuance because of the absence of the deposition of a witness, can not be assigned for error where it does not appear that any exception was taken to the ruling, but on the contrary, the deposition arrived before the trial, and was read in evidence.

4. EXCEPTION—*when necessary.* A party can not assign for error the exclusion of a deposition when neither the substance nor subject of the deposition is given in the abstract, and when it does not appear that any exception was taken to the ruling of the court.

5. PRACTICE IN SUPREME COURT—*abstract.* If it is insisted the court below erred in sustaining a demurrer to pleas, the abstract of the party should set out the demurrer and pleas, so as to enable this court to determine whether there was error or not.

6. PRACTICE—*waiver of demurrer.* If a plaintiff replies to pleas after a demurrer has been sustained to them, he thereby waives his demurrer, and the error in sustaining the demurrer, if any, is obviated.

APPEAL from the Circuit Court of De Witt county; the Hon. LYMAN LACEY, Judge, presiding.

Mr. A. J. GALLAGHER, and Messrs. MOORE & WARNER, for the appellant.

Messrs. DONAHUE & KELLY, and Messrs. WELDON & HUGHES, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This was an action, brought by Mrs. Parks, against the Illinois Central Railroad Company, to recover damages for an injury alleged to have been received by the plaintiff through the carelessness of defendant's servants. Plaintiff was a passenger traveling north in a passenger train of defendant early in the month of September, 1873, and arrived at Wapello in the morning by six o'clock. She was traveling in the sleeping car. When the train arrived at the station of Wapello, in moving up to the station, the engine by which the train was drawn came in collision with another engine upon the track with such violence that the brake-beam of one engine and the iron rods on the front of the other engine were broken.

At the time of the collision plaintiff was standing in the wash room combing her hair, both of her hands being raised to her head. By the collision she was thrown suddenly against the door, striking against the knob, and fell to the floor with an exclamation. She was immediately carried to a sofa by the porter and brakeman, and seemed so seriously injured that a local physician was immediately sent for. She remained in the sleeping car until that afternoon. The railroad surgeon living at Amboy was sent for and arrived that afternoon. In charge of this surgeon she was taken in the sleeping car that evening to Mendota, where she lay some three or four weeks under the care of the surgeon of the railroad company. She went thence to Iowa to the house of a friend, and afterwards to her father's residence in Albany, New York. It is claimed by plaintiff that her spine was injured by the collision or fall, and that to such a degree that she was rendered incapable of effective labor, either physical or mental, and that the injury is permanent.

The defendant insists that her spine was not injured, that the injury was temporary, and that the symptoms, indicating serious injury, exhibited by plaintiff from time to time, were feigned. She was a lady of education, and by profession a teacher. The cause was tried by a jury in March, 1875, and a verdict rendered for the plaintiff for $8958, on which judgment was rendered, and the defendant appeals to this court.

It is insisted by appellant that the damages, in view of the evidence, are excessive to such a degree that the verdict should have been set aside, and that the court erred in overruling the motion for a new trial in that regard.

The testimony is very voluminous, and, as to many of the details in the history of her case, is very contradictory. It is not seriously denied that the plaintiff had a cause of action. From the testimony of defendant's own witnesses it is apparent that the collision was the result of gross carelessness, and that the plaintiff was injured thereby. The contradictions in

the testimony all relate merely to the degree of the injury and as to whether it is of a permanent character. It was peculiarly a matter within the province of the jury to pass upon the credibility of witnesses testifying to circumstances bearing upon this question. It seems that the jury gave credence to the testimony for the plaintiff, rather than that produced by the defendant.

While the damages are large, yet, if the truth be as stated by plaintiff and her witnesses, we can not say that they are so excessive as to demand that the verdict should be set aside upon that ground.

Appellant insists also that the court erred in refusing to suppress the deposition of Rachel Alexander, taken October 27, 1874. This motion, by the record, seems to have been overruled on the 7th day of December, 1874, and the bill of exceptions signed by the judge, relating to that decision, was filed upon the 31st day of December, 1874, and therefore must have had relation to a deposition placed on file before that date, whereas an examination of the evidence read and given at the trial does not show that *this* deposition was read at all, but does show that a deposition of the same witness was read which was filed March 17, 1875. The deposition called in question by the motion to suppress not having been read in evidence, it is not material whether the court decided correctly or not in refusing to suppress it.

Again, appellant complains that the court refused, at the March term, 1875, to continue the cause on account of the absence of the deposition of Dr. Twining. The abstract fails to show at what time in the term this motion was made, but the record shows it was made the 23d day of March, 1875. The abstract does not show that the motion was ever decided or that any exception was ever taken to any ruling of the court on that question, nor do we find anything in the record on that subject, but it is shown by the abstract that the deposition of Dr. Twining was placed on file on the 26th of March,

1875, three days after the motion was overruled, and was read at the hearing.

It is next insisted that the depositions of Benedict and Becket should have been read. The abstract shows that the deposition of Benedict was excluded by the court below, but neither the substance nor the subject of the deposition is set out, nor does the abstract show that any exception was taken to the ruling of the court in that regard, and the abstract further shows that the deposition of Becket was, in fact, read.

Again, it is insisted that the court erred in sustaining the demurrer to the defendant's second and fourth pleas. The abstract fails to set out either the demurrers or pleas so as to enable this court to determine whether the demurrers should or should not have been sustained, and the abstract shows that (whether the rulings in that regard were right or wrong) replications were subsequently filed to defendant's second, third and fourth pleas and issues joined thereon. If the pleas were not amended, the filing of replications operated as a waiver of the demurrers, and if the pleas were amended, the plaintiff failed to demur to the pleas as amended. He can not insist upon exception to the ruling of the court in sustaining demurrers to the pleas before they were amended.

Other exceptions are taken by appellant's counsel to the rulings of the court on the trial, and to the rulings of the court in settling instructions. After a careful examination of the points presented we find no material error, and deem it unnecessary to review them in detail.

The judgment must be affirmed.

*Judgment affirmed.*