## Edwin Taylor Chapman
### v.
## Annie Chapman.

*Divorce—Questions for Jury—Newly Discovered Evidence—Practice—Abstracts—Instructions.*

1. This court declines to discuss the instructions in detail, the appellant having failed to include them in the abstract.

2. Upon appeal from a decree granting a divorce, it is *held:* That the court properly refused to admit evidence touching a defense not made in the answer; and that the defendant is not entitled to a new trial on the ground of newly discovered evidence.

[Opinion filed December 7, 1888.]

Appeal from the Superior Court of Cook County; the Hon. Gwynn Garnett, Judge, presiding.

Messrs. William H. Sisson and Clarence F. Gooding, for appellant.

Messrs. George A. Meech and William C. Asay, for appellee.

Gary, J. Whether the appellee was entitled to a divorce from the appellant, depended upon whether he had committed adultery as charged in her bill; and, if so, whether she, at the time thereof and at the time she filed her bill, August 23, 1886, was a resident of this State.

The jury found the issues upon these points in her favor, upon evidence which, if not satisfactory, was sufficient to make their decision of the question final, if the court committed no error. Complaint is made that the court refused to admit in evidence letters written by her. There was no issue to which they could relate. At the most they might tend to show, not quite connivance, but her willingness that he should seek other women. No such defense was made in his answer.

As to the instructions, they can, by spending time upon them, be shown to be correct; but the appellant has not deemed it necessary to comply with the 21st rule of this court relating to abstracts, and the court will not perform labor that should be done by the party. Fisher v. Cook, 23 Ill. App. 621.

The alleged newly discovered evidence has reference to the engagements of appellee as an actress; where the company she was with was at different times, and the dates of their journeys from place to place. As the appellee knew before the trial how she had been employed, there was a total want of diligence in ascertaining and proving these details, if they were material.

The trial was in January, 1888, and her deposition in which she had testified to her residence, had been on file from the previous August, so that his surprise at her testimony was not very sudden. There is no error in the record and the decree is affirmed.                    *Decree affirmed.*

Judge GARNETT takes no part in this decision.