## Elizabeth C. Bangs and Sarah J. Bangs
## v.
## George W. Paullin.

*Contract to Convey Land—Breach by Vendor—Damages—Evidence—Instructions—Practice.*

1.   On the breach of a contract to convey land the vendee is entitled to recover what he has lost by the breach, which, in case part of the price has been paid, may be more or less than the amount paid.

2.   Whatever is relied upon as error should be set out in the abstract.

[Opinion filed December 11, 1890.]

Appeal from the Superior Court of Cook County; the Hon. Kirk Hawes, Judge, presiding.

Mr. W. G. Adams, for appellants.

Mr. Louis Weber, for appellee.

Hilliard in his work on Vendors, p. 319, says: "It is the prevailing doctrine, that if the purchaser has paid any part of the purchase money, and the seller refuses to complete the contract, the purchaser may elect either to affirm the contract by bringing an action for its non-performance, or disaffirm it by an action for money had and received.

This principle is also laid down in 1st Sugden on Vendors, p. 236; Bingham's Actions and Defenses, p. 378, and cases there cited; Ketchum v. Everston, 13 Johns. 359; Green v. Green, 9 Cow. 46.

And approved by the Supreme Court of this State, in Bryson v. Crawford, 68 Ill. 362; Wheeler v. Mather, 56 Ill. 247; Bannister v. Read, 1 Gilm. 100.

And by this court in Eames v. Germania Turn Verein, 8 Ill. App. 674.

In the case of Bannister v. Read, *supra,* the court say: "Although one party to a contract may not alone rescind it, he may, nevertheless, by neglecting or refusing to perform it on his part, place it in the power of the other party, where he is not also derelict, to avoid it or not at his pleasure. The breach of one party may in such a case be treated by the other as an abandonment of the contract, authorizing him, if he chose to do so, to disaffirm it, and thus the assent of both parties to the rescission of the contract is sufficiently manifested; that of the one by his neglect or refusal to perform his part of the contract, and of the other by his suing, not for such breach, but for the value of any act done or payment made by him under the contract, as if it had never existed." Also citing numerous cases on this point.

GARY, J. It may be that the instruction on behalf of the appellee, that on the breach of a contract to convey land the vendee is entitled to recover back, with interest, what he has paid, is wrong, but the appellants make no point in their brief as to what the measure of damages should be, and it is thereby waived. Griffin v. Larned, 111 Ill. 432.

The rule in this State is that the vendee recovers what he has lost by the breach, which, in case part of the price has been paid, may be more or less than the amount paid, depend-

ing upon whether the vendee had a good bargain.    Plummer v. Rigdon, 78 Ill. 222, where many cases are collected, and the rule laid down upon full consideration of the authorities.

The appellants have not copied in their abstract or brief, the instruction given for the appellee, of which they complain, but have undertaken to state the legal effect of it, and omitted a material part of it.    They assign as error the refusal of instructions asked by them, and do not copy those given at their request, which may have contained the same matter, and if so, the court was not required to repeat.    Prior v. White, 12 Ill. 261, to that effect, has been followed by a great many cases.    Whatever is relied upon as error should be set out in the abstract.    Ill. Cent. R. R. v. Parks, 88 Ill. 373; Lithographing Co. v. Kerting, 107 Ill. 344; Chapman v. Chapman, 27 Ill. App. 487; Lake v. Lower, 30 Ill. App. 500.

The court will not go to the record to find out what the case is.    The judgment is affirmed.

*Judgment affirmed.*