Z. D. WHEAT, CORONER, FOR USE, ETC.,

V.

OLIVER C. BOWER.

*Replevin—Bond—Action of Debt on—Practice.*

1.   Where a stranger replevies property from a sheriff who is in possession under a writ, the latter may recover as damages the whole value of the property, in order that he may render the surplus remaining after the lien is discharged, to the general owner.

2.   By appearing, a defendant in attachment waives the fact that the writ was made returnable to the second term after the date thereof, and neither he nor any one whose rights depend upon him, or his rights, can set up the objection.

3.   In the case presented, this court holds that the trial court erred in not including in the damages the value of the goods up to the amount necessary to satisfy both writs in the hands of the sheriff, and that the judgment for the plaintiff can not stand.

[Opinion filed December 3, 1891.]

APPEAL from the Circuit Court of Coles County; the Hon. J. F. HUGHES, Judge, presiding.

Messrs. WILEY & NEAL, for appellant.

Messrs. CRAIG & CRAIG, for appellee.

WALL, P. J.    This was an action of debt on a replevin bond executed by Rachel Chewning with Oliver C. Bower as surety, to Z. D. Wheat, coroner of Coles County, in a suit brought by said Rachel Chewning against J. H. McClelland, the sheriff of said county.    The property replevied consisted of a stock of merchandise which had been levied on by the sheriff by virtue of an execution in his hands in favor of J. P. Foreman and seized under a writ of attachment in favor of Braman, Berry & Co. against George W. Chewning, the husband of said Rachel Chewning.

The replevin suit was tried and the issues were found in favor of the defendant and a judgment was thereupon rendered that the plaintiff make return of the property to the defendant therein.

The present suit on the bond was tried by the court, a jury being waived, resulting in a finding for the plaintiff for the amount of the penalty of the bond as debt, to be satisfied on payment of the damages, assessed at $288.97, and costs.

The damages so assessed consisted of the sum due upon the execution in favor of Foreman, and included nothing for the amount due on the writ of attachment.    From this judgment an appeal is prosecuted to this court by the plaintiff, and error is assigned that the damages should have been assessed at the value of the property replevied.

It is the rule that where a stranger replevies property from a sheriff who is in possession under a writ, the latter may recover as damages the whole value of the property, in order that he may· render the surplus remaining after the lien is discharged, to the general owner.    Broadwell v. Paradice, 81 Ill. 474; Atkins v. Moore, 82 Ill. 240.

The appellee urges that this rule was not applicable in the present case, and suggests that the writ of attachment was void because it was issued on April 2, 1889, and was returnable on "the 8th day of April next," a term of court intervening between the date and return of the writ.    To this it may be answered that by appearing, the defendant in the attachment

waived the defect, and that neither he, nor any one whose rights depend upon him, or his rights, can set up the objection.

It is also suggested that the writ of replevin was issued before the writ of attachment, though not served until after the levy of the attachment. We are unable to see any force in this suggestion, nor in the further suggestion that the pleas interposed in the replevin suit did not set up the lien of the attachment suit. It is suggested finally, that it was shown in evidence that the plaintiff in the replevin suit, Rachel Chewning, after she had obtained the goods under her writ of replevin, turned them over to her husband, George W. Chewning, the defendant in the execution and attachment.

How or where or when this was done did not appear and it is not perceived what unfavorable effect this proof should have upon the plaintiff in this suit.

The replevin bond was conditioned for the return of the property to the sheriff, and the replevin suit failing, there was judgment for such return. The sheriff had a special property in the goods for the purpose of discharging the two liens, and as against a stranger, that is to say, in this case, the replevin plaintiff, he was entitled to the value of the property in order that he might return the surplus after satisfying the liens to the general owner. If it were shown that the general owner really got the property, then, of course, there would be no occasion for the sheriff to recover more than the amount of his liens; but in the present case the property was not worth more than the sum total of the two liens. We are of opinion the court erred in not including in the damages the value of the goods up to the amount necessary to satisfy both writs in the hands of the sheriff. The judgment will be reversed and the cause remanded.

*Reversed and remanded.*