ANDREW J. DAVIS *et ux.* *vs.* FRANK A. BURGESS,
Administrator.

A plea *puis darrein continuance* which extends to the plaintiff's entire cause of action waives all pleas previously filed.

But when a plea *puis darrein continuance* sets up only a partial defence or affects only the remedy it does not waive pleas previously filed.

A plea *pui darrein continuance* set up the pendency of a commission of insolvency on a decedent's estate. The plea was held bad because more than two years had elapsed between the grant of letters of administration and the commencement of the action. Pub. Stat. R. I. cap. 186, § 20.

*Held*, that the plea affected only the remedy and did not waive pleas previously filed.

ASSUMPSIT. On motion to withdraw a plea *puis darrein continuance.*

*November* 28, 1892. MATTESON, C. J. The defendant pleaded by way of plea *puis darrein continuance* that on December 1, 1891, he in his capacity as administrator, before payment of any claim against the estate of his intestate, except funeral charges and charges for medicine and attendance upon the intestate in his last sickness, found the estate of his intestate insolvent and represented its circumstances and condition to the Municipal Court of Providence, exercising probate jurisdiction and the same court which had granted to him letters of administration on the estate and that, thereupon, said court adjudged the estate insolvent and appointed commissioners to receive and examine the claims of creditors of the estate and allowed six months to the creditors to bring in and prove their claims, and that no appeal was taken from the decree of the court and that the time therefor expired on January 10, 1892. To this plea the plaintiffs replied, *precludi non,* because said estate was not represented insolvent and commissioners appointed, as set forth in the plea, until after the expiration of more than two years from the time letters of administration were granted. The defendant demurred to the replication. The court, on hearing, overruled the demurrer and sustained the replication, for the reason that Pub. Stat. R. I. cap. 186, § 20, provides that "the pendency of any commission as aforesaid shall be no bar to any action against the executor or administrator as aforesaid after the expiration of two years from the time letters of administration were granted."

The plaintiffs, thereupon, moved for judgment on the ground that the plea *puis darrein continuance,* having been pleaded in bar, was a waiver of the pleas originally filed and that the cause of action was admitted on the record to the

same extent as if no other defence had been urged except that contained in the plea *puis darrein continuance.*.

The defendant, thereupon, moved to withdraw his plea *puis darrein continuance* that he might rely on the pleas originally filed. At a former hearing before a single justice of the court, the motion was denied, the justice being of the opinion that the pleas originally filed were waived by the filing of the plea *puis darrein continuance*, and that the case should stand for assessment of damages.

Since then the defendant has obtained leave to reargue the question before the full court and has reargued it with greater care and thoroughness than at the former hearing.

There is no doubt that the filing of a plea *puis darrein continuance*, where it extends to the plaintiff's entire cause of action, and not merely to a part of the plaintiff's claim as contained in a particular count in the declaration, or to the plaintiff's remedy, is a waiver of the pleas previously filed. *Kimball* v. *Huntington*, 10 Wend. 675, 679; *Yeaton* v. *Lynn*, 5 Pet. 224, 231; *Wallace* v. *McConnell*, 13 Pet. 136, 152; Chitty on Pleading, *636, *638. The rule is based on the hypothesis that the plaintiff by his plea *puis darrein continuance* abandons the original defences set up and substitutes in place of them the defence contained in that plea. Hence, it does not apply to its full extent when the defence set up in the plea *puis darrein continuance* is only partial, but applies only so far as the evidence so pleaded is intended as a defence. *Morris* v. *Cook*, 19 Wend. 699; so too when the defence thus pleaded merely affects the remedy. *Rayner* v. *Dyett*, 2 Wend. 300; *Lincoln* v. *Thrall*, 26 Vt. 304. In such cases, as the defence set up covers not at all, or only in part, .the merits of the plaintiff's claim, there is no room for the hypothesis that the defendant intends to waive his defences set up in the original pleas and to substitute for them the partial defence, or defence affecting the remedy only, and, therefore, effect is given to the plea *puis darrein continuance* as a waiver only so far as the defence it contains may be presumed to have been intended as a defence to the merits.

In the present case the matter set up in the plea did not go

to the merits of the plaintiffs' claim at all. Its purpose was simply to bring to the attention of the court the pendency of the commission in insolvency, that the judgment, if any, which the plaintiffs should obtain, in case of their election to proceed with the suit instead of proving their claim before the commissioners, might be limited to the surplus of the estate remaining in the defendant's hands for the payment of the debts of the intestate, on the settlement by the defendant of his account with the court of probate, after deducting therefrom the amount of the claims allowed by the commissioners. The plea failed because more than two years had elapsed from the granting of letters of administration, and after that period the pendency of the commission did not affect the plaintiff's right to proceed with their suit. The plea, however, went merely to the plaintiffs' remedy and did not apply to the merits of their claim. For that reason we are of the opinion that it did not operate as a waiver of the pleas originally filed or preclude the defendant from urging the defences set up in them.

The cause will stand for trial before a jury on the issues presented by the pleadings; leave being given to the defendant to withdraw the plea *puis darrein continuance.*

*Charles M. Salisbury,* for plaintiffs.

*Clarence A. Aldrich,* for defendant.