### Henry Bennet v. James H. Gilbert.

94    505
a194s 403

1.  PRACTICE—*When the Plea Puis Darien Continuance Waives all Previous Pleas.*—When the plea *puis darien continuance* purports to be an answer to the whole cause of action, in bar, it waives all previous pleas; but when there are two parties beneficially interested and the plea is limited to the interest of one of them, the rule is otherwise.

2.  SAME—*Pleading after Demurring.*—Where a party pleads to a

declaration after demurring to it, without formal leave of the court, the effect is to waive his demurrer.

3.   MEASURE OF DAMAGES—*In Suits by Officers on Replevin Bonds.*— A sheriff, as the special owner of property levied on by virtue of an execution in his hands, is entitled, as a general rule, to recover the full value of the property replevied, and, as he represents not only the interest of the execution creditor, but also the general owner of the property, if the proceeds of the judgment exceed the amount due to the execution creditor, it is the sheriff's duty to hold such excess in trust for, or pay it to the general owner or to whomsoever may appear to be entitled to it.

**Trespass on the Case.**—Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed May 22, 1901.

**Statement.**—At the September term, 1892, of the Superior Court of Cook County, D. Davis recovered judgment against Rose Morris and D. Harris for the sum of $2,716.98 and $6 costs, and September 17, 1892, an execution was issued on said judgment and delivered to the sheriff. Morris and Harris were partners and engaged in the fur business in the city of Chicago, and the sheriff levied the execution on their partnership property and returned the same, September 17, 1892, "satisfied for $1,039.33, and unsatisfied as to balance."

September 22, 1892, Henry Bennet, appellant here, sued out a writ of replevin against the sheriff for part of the goods levied on by the sheriff, as above stated, which writ was served by the coroner, by taking from the sheriff the property described in it and delivering the same to Bennet.

September 27, 1892, Bennet sued out another writ of replevin against the sheriff for ten mink coats, levied on by the sheriff, by virtue of the above mentioned execution, which writ of replevin was served by taking the mink coats from the sheriff and delivering them to appellant.

The replevin suit commenced September 27, 1892, was dismissed June 3, 1895, and the replevin suit commenced September 22, 1892, was dismissed April 26, 1897.

In each case there was judgment for a return of the property replevied to the defendant. October 24, 1895,

D. Davis, plaintiff in the above mentioned judgment against Morris and Harris, executed to S. Levy & Co. the following instrument:

"CHICAGO, Illinois, October 24, 1895.

Whereas, I am indebted to the firm of S. Levy & Co. in the sum of $1,413.18, and

Whereas, I am desirous of securing said indebtedness to said S. Levy & Co., and

Whereas, I did, on the 17th day of September, 1892, recover three judgments in the Superior Court of Cook County, against Morris & Harris, in cases No. 142,316, 142,317 and 142,318, and

Whereas, while the sheriff was in possession of the property levied upon under the executions issued in said cases, two replevin suits were begun by Henry Bennet as No. 142,444 and 142,548, the last of which has been dismissed and writ of *retorno habendo* awarded, and

Whereas, property was taken under the replevin writs in both of said cases and I, by virtue of said judgments which are unsatisfied, have an interest in whatever may be recovered on the bond given in said two replevin suits,

Now therefore, I hereby assign, sell, transfer and set over to said S. Levy & Co., as security for said indebtedness, one-half of whatever I may receive at any time hereafter, or to which I shall be entitled in any suit or suits on said bond or bonds, or in case said matters are settled between the parties, and I hereby direct Messrs. Moran, Kraus & Mayer, or the sheriff or coroner, or any other person or persons who may receive said moneys, to pay one-half thereof after deducting the necessary expenses to S. Levy & Co.

In witness whereof, I have hereunto set my hand and seal this 24th day of October, 1895.

D. DAVIS. (SEAL.)"

May 26, 1897, the following agreement was made between the parties thereto:

"It is agreed between D. Davis, party of the first part, and S. Levy & Co., composed of S. Levy and I. Berkenfield, parties of the second part, that by reason of the fact that the said D. Davis is a judgment creditor of Rose Morris and Debrozinsky Harris, and as such judgment creditor has a claim against Henry Bennet and the sureties upon certain replevin bonds, executed by or for and on behalf of the said Henry Bennet, and by reason of the fact that the

said Henry Bennet by reason of certain replevin suits having been instituted by said Henry Bennet and by reason of the fact that said D. Davis has heretofore assigned, sold and transferred one-half of all of his interest in said judgments and of the claims upon and against said replevin bonds to said S. Levy & Co., and that in order to fully recover the amounts of said claims and judgments, it is necessary that a suit or suits be instituted upon said replevin bonds without delay and prosecuted to a final conclusion, and to the end that said suits may be instituted without delay and prosecuted to a conclusion, or that the said claims may be collected and recovered by compromise, the said D. Davis hereby agrees to immediately and at his own expense, cause to be instituted suit or suits on said replevin bonds and prosecute the same to a conclusion, and to advance all of the costs and expenses thereof.

In consideration of the premises, it is hereby agreed by and between the said D. Davis, party of the first part, and the said S. Levy & Co., party of the second part, that out of the proceeds realized from such litigation, or compromise, of said claims, there shall be paid to the firm of S. Levy & Co. one-half of the said proceeds, after deducting therefrom one-half of the court costs of said litigation, so that each party shall bear one-half of the court costs incurred in said litigation and shall have one-half of the proceeds realized from said litigation or from a compromise of such claims.

It is further agreed that no settlement or compromise of said claims or judgments shall be made by said D. Davis or his attorney, or any one representing them or either of them, without the consent of S. Levy & Co., and said D. Davis will cause said suit to be instituted on said bond and to be prosecuted to a conclusion as rapidly as possible.

In witness whereof, the parties hereto have hereunto set their hands and seals this 26th day of May, 1897.

D. DAVIS,
S. LEVY & CO."

November 2, 1898, James Pease, the sheriff, commenced suit in the Circuit Court of Cook County against Bennet, the plaintiff, in the replevin suits. The action is described in the praecipe and summons as "trespass on the case on promises." The declaration contains two counts. The first count avers, in substance, the delivery of the execution in Davis v. Morris & Harris to the sheriff, and the levy

thereof, as heretofore stated, on certain goods, describing the goods, and that on, to wit, September 27, 1892, Henry Bennet wrongfully seized and took from the sheriff the described property; that the value of the sheriff's special interest in the property, by virtue of the execution, was the sum of $2,724.48, and that the market value of the property, so wrongfully taken and converted by Bennet, was, to wit, $2,500, and that plaintiff, by reason of such wrongful taking and conversion, was unable to satisfy said execution, and there still remains due thereon the sum of $1,039.33, together with interest thereon from September 17, 1892. The second count is substantially the same as the first, except that it omits the averment as to the special interest of the plaintiff, the sheriff, in the property, and the averment of the amount remaining due on the execution. Messrs. Moses, Rosenthal and Kennedy were the attorneys of record for the plaintiff, Pease; and L. D. Thoman was the attorney of the defendant, Bennet. Thoman testified that he had several interviews with members of the firm of Moses, Rosenthal & Kennedy, and had offered them, on behalf of the defendant, Bennet, $500 in settlement of the claim; that subsequently Davis came to his, Thoman's, office, and told him that he, Davis, understood that Bennet had offered .$500 in settlement, which he, Davis, was willing to accept, but that Mr. Kennedy, of Moses, Rosenthal & Kennedy, would not consent to such settlement, and told him, Davis, that if he wanted to settle for such sum, he should himself settle. Mr. Kennedy denies that he so told Davis, and Mr. Thoman says he merely acted on the information which he received from Davis.

January 28, 1899, an order was entered, showing the appearance in person of Bennet, and a motion by him, that B. Behrend be substituted as the attorney for the plaintiff instead of Moses, Rosenthal & Kennedy; the allowance of said motion; the entry of the appearance of the defendant, Bennet, by one Harnwell, and of Harnwell's appearance as Bennet's attorney, and a judgment, by agreement, against Bennet for $500. Prior to the entry of this judgment, Ben-

net, the defendant, had not been served with process, or entered his appearance. The amount of the judgment, $500, was paid by Bennet to Davis in open court, at the term the judgment was rendered, and Thoman, Bennet's attorney, testified that he caused it to be so paid.

Davis executed to Bennet the following instrument:

"Whereas, on or about the      day of October, 1892, two actions in replevin wherein Henry Bennet was plaintiff and D. Morris and D. Harris were defendants, were brought in the courts of record of Cook county, Illinois, in which action the said Bennet, by one David Tichnor, gave bonds in replevin to the sheriff of Cook county, in whose possession the said property then was being held by him under execution, issued on a judgment rendered in favor of D. Davis in the sum of $2,500 and $5,000, respectively, and

Whereas, said actions were afterward dismissed and no trial was had on either of them, and

Whereas, on the 2d day of November, 1892, James H. Gilbert, for the use of D. Davis, brought his action in the Circuit Court of Cook County, Illinois, against Henry Bennet, to recover the value of the goods taken from him, said Gilbert, as sheriff, under the writs of replevin herein referred to, and

Whereas, the said D. Davis is desirous of making settlement with said defendant Bennet, in full satisfaction of any damages arising out of the taking of the goods by replevin as aforesaid, and

Whereas, at the time said actions in replevin were commenced there was no property interest in D. Morris and D. Harris in the said goods and chattels replevied by the said Bennet, all of their interest therein having been covered by the execution in the hands of the sheriff and levied upon to satisfy the judgment against them, in favor of said D. Davis,

Now therefore, for and in consideration of the sum of one dollar and other good and valuable consideration, we, D. Morris, D. Harris and D. Davis, acknowledge receipt in full payment of any and all demands on our part, and the part of each of us, our heirs, executors, administrators and assigns, of any claim or demand which we may have had against the said Bennet, or any one for and in his behalf, in respect to the actions in replevin as hereinbefore stated, or either of them, or the bonds in replevin given in said actions, and fully released and discharged the said Bennet

his heirs, executors, administrators and assigns, from any and all liability of any kind and character growing out of said actions, or either of them, or from any liability on the bonds, or either of them, or from any and all other causes on which any right of action might have heretofore been based or which may have accrued by reason of any of the acts and things done by said Bennet in respect thereof.

In witness whereof, the parties hereto have hereunto set their hands and seals the 27th day of January, 1899.

D. MORRIS.    [SEAL.]
D. HARRIS.    [SEAL.]
D. DAVIS.    [SEAL.]

In the presence of B. BEHREND."

The document purports to have been sworn to before Bernard Behrend, notary public.

It is admitted that neither the plaintiff, Gilbert, nor any member of the firm of Moses, Rosenthal & Kennedy, his attorneys, had any notice of the entry of the above mentioned judgment, the payment of the amount thereof by Bennet to Davis, or the foregoing release.

February 9, 1899, the plaintiff, Gilbert, by his attorneys, moved the court to vacate the said judgment, presenting affidavits in support of the motion, Bennet being represented by Leroy D. Thoman and others, his attorneys, B. Behrend also being present. The court entered an order adjudging that the judgment was procured by Davis by fraud practiced on the court; ordered Davis to pay into court to the clerk $250, and continued the motion. February 17, 1899, the court ordered an attachment for Davis, who was not found, and July 11, 1899, the court, on motion of the plaintiff's attorneys, vacated the judgment and reinstated the cause, and ruled the defendant, Bennet, to plead by October 2, 1899. At the last date Bennet filed the general issue and a special plea. The special plea is, in substance, as follows:

"And now this 2d day of October, 1899, until which day time was given by the court to the defendant to file his plea to the declaration herein, now here comes the defendant, by Leroy D. Thoman, F. W. Harnwell and W. S. Oppenheim, his counsel, and says that the plaintiff ought not further to maintain so much of his said action as is for the

benefit of one Dubzinsky Davis against him, the defendant because he says that, since the institution of this suit, and before this day, on, to wit, the 27th day of January, 1899, he, the said Dubzinsky Davis, did, for a good and valuable consideration, execute and deliver to the defendant, Henry Bennet, his deed of release, sealed with his seal, releasing the defendant from all the matters complained of as to him, said Davis, in the first and second paragraphs of plaintiff's said declaration, which release is in the words and figures following, to-wit: "

Here follows in the plea the release executed by Davis to Bennet, of date January 27, 1899, above set out.  The plea concludes as follows:

"Wherefore he prays judgment if the said James H. Gilbert, sheriff of Cook county, ought further to have or maintain so much of his aforesaid action as is for the benefit of said Dubzinsky Davis against him, the defendant, etc."

November 11, 1899, plaintiff, by his attorney, moved to strike from the files the plea of the general issue, and demurred to the special plea, which motion and demurrer were both overruled by the court.  February 23, 1900, the plaintiff filed a replication to the special plea, which, omitting the formal commencement, is as follows:

"Says that he ought not to be precluded from further having and maintaining so much of his aforesaid action as is for the benefit of one Dubzinsky Davis against said defendant, because he says that said Dubzinsky Davis did not execute the said deed of release in said plea set forth, and this he prays may be inquired into by the country."

The cause, by agreement of the parties, was tried by the court, without a jury, and the court found for the plaintiff, assessed the plaintiff's damages at the sum of $1,116.07, and rendered judgment for that sum.

LEROY D. THOMAN and W. S. OPPENHEIM, attorneys for appellant.

MOSES, ROSENTHAL & KENNEDY, attorneys for appellee.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

Appellee's counsel preserved a bill of exceptions to the

action of the court in overruling the motion to strike the plea of the general issue from the files and in overruling the demurrer to the special plea, and has assigned cross-errors as to these rulings. In support of the motion to strike from the files the plea of the general issue, counsel urge that the special plea being *puis darein continuance*, or in the nature of a plea *puis darein continuance*, was a waiver of the other plea; citing Mount v. Scholes, 120 Ill. 394; City of East St. Louis v. Renshaw, 153 Ib. 491; Angus v. C., T. & S. Bank, 170 Ib. 298; Miller v. McCormick H. M. Co., 34 Ill. App. 571, and Harding v. Horton, 79 Ib. 123.

In each of these cases the plea purported to be to the whole cause of action. In such case the general rule, that a plea *puis darein continuance* in bar waives all previous pleas, applies. In the present case there are two parties beneficially interested, as appears on the face of the declaration : Davis, the execution creditor, and Morris & Harris, the judgment debtors and general owners of the property in question; and the special plea is limited to the interest of Davis. In such case we do not understand that the general rule is applicable. Morris v. Cook, 19 Wend. 699, was ejectment. The defendant pleaded the general issue to the whole declaration. Subsequently he pleaded *puis darien continuance* as to three-tenths of an acre of the land in controversy, title acquired by him pending the suit. In respect to the objection that the special plea was a waiver of the plea of the general issue, the court say:

" It is supposed by the plaintiff's counsel that a plea *puis*, etc., is a waiver of all previous pleas, whether it be interposed to the whole or only part of the plaintiff's action. The rule is, perhaps, universal, where the plea goes to the whole subject of the declaration. But where it goes to one of several counts, or to any particular part of an entire claim, I can see no reason for making it a waiver beyond what it professes to answer. In Rayner v. Dyett, 2 Wend. 300, a plea *puis* of a discharge of the body from imprisonment was held to be no waiver of the previous general pleas in bar. Why was this so? Plainly because the plea *puis* was partial. It affected the remedy merely. It acted as a waiver no further than it was intended as an answer."

We think the reasoning of the court, in the case cited, unanswerable. The motion to strike the general issue from the files was properly overruled. The appellee, by replying issuably to appellant's special plea, waived his demurrer to the plea. The rule that pleading issuably to a declaration or other pleading is a waiver of a prior demurrer to such declaration or pleading, is too familiar to require citation of authorities. But counsel contend that pleas *puis*, etc., are an exception to the rule. Their argument is that such pleas partake of the nature of pleas in abatement, and must be framed with exactness, citing Mount v. Scholes, 120 Ill. 394, and other cases; and that the rule in regard to pleas in abatement is, that on a judgment of *respondeat ouster*, if the defendant subsequently pleads in bar, the plea in bar is not a waiver of the prior plea in abatement, citing Delahay v. Clement, 3 Scam. 200, and other cases. The argument is sophistical. It assumes that because a plea *puis*, etc., is required to be framed with great particularity, as is a plea in abatement, therefore such plea must be treated as a plea in abatement for all purposes; and also assumes that the effect of pleading over, after judgment of *respondeat ouster* on a plea of abatement, is the same as if a defendant voluntarily pleaded. A plea *puis*, etc., may be either in abatement or in bar. 1 Chitty on Pl., 5th Am. Ed. 571. The plea in question is a plea in bar to the further maintenance of the action, precisely as was the plea in Morris v. Cook, *supra*. In Delahay v. Clement, *supra*, cited by appellee's counsel, the court distinguishes between the effect of pleading over, after a judgment of *respondeat ouster*, and pleading after demurrer overruled. In that case the court had held, on the original hearing, that the filing of the plea in bar was a waiver of the plea in abatement. The opinion was on a rehearing, and the court says :

" This court was doubtless led into this error by supposing that the defendant below stood upon the same ground as a party who, after his plea had been held bad on demurrer, asks and obtains leave of the court to amend his plea. In this case the plea is considered as abandoned.

So, if a party demurs to a pleading and the demurrer is overruled, and he obtains leave to withdraw his demurrer and plead or reply, the demurrer is deemed to be waived. In both of these cases it is considered the act of the party that produces the result. He admits that he was wrong, and he should not be permitted, subsequently, to come into court and insist that he was right. In the case at bar, however, there is no such admission."

If one pleads to a pleading, after demurring thereto, without formal leave of court, the effect is the same. Ill. Cen. R. R. Co. v. Parks, 88 Ill. 373.

Such being the law, the imperfection, if any, of the special plea, can not be inquired into here.

The sole issue formed by the special plea and the replication thereto, was whether Davis executed the release pleaded. Execution consists of the signing, sealing and delivery. Appellant produced and put in evidence the release; it is signed and sealed by Davis, and its production by appellant is *prima facie* evidence of its delivery. Appellee's counsel, in their printed argument, admit that "Davis executed a release of all his claims against appellant." The issue being decided in favor of appellant, there could be no recovery by the plaintiff for damages merely on account of his, Davis', beneficial interest in the action.

The release was not executed by the partners, Morris and Harris. Rose Morris did not execute it, and D. Morris, who signed it, is a mere stranger to the subject-matter of the release.

The sheriff, as the special owner of the property levied on, by virtue of an execution in his hands, is entitled, as a general rule, to recover the full value of the property replevied, and, as he represents not only the interest of the execution creditors, but also that of the general owner of the property, if the proceeds of the judgment exceed the amount due to the execution creditor, it is the sheriff's duty to hold such excess in trust for, or pay it to the general owner, or to whomsoever may appear to be entitled thereto. Broadwell v. Paradice, 81 Ill. 474; Atkins v. Moore, 82 Ib. 240; Wheat v. Bower, 42 Ill. App. 600.

Therefore, notwithstanding the issue as to the execution of the release was proved in favor of appellant, there remained the question of the value of the property replevied. It was admitted that $900 was the value of the property replevied in one of the replevin suits. The other replevin suit was for ten mink coats, and the proof was that appellant sold the material in the coats to Morris & Harris for $362.50, and that they made the coats; and there was proof tending to show that the coats were worth double the value of the material, or $725, which would make the total value $1,625. David Tigner, who, as appellant's agent, sold the replevied goods to Morris & Harris, testified that they were worth between $1,000 and $1,200. But this evidence is of little value, inasmuch as it was admitted by the parties on the trial that the goods replevied in one suit were worth $900, and the material in the mink coats which were replevied in the other suit was worth $362.50, to which must be added the value of the coats less the cost of material. Davis having released all claim against Bennet on account of his beneficial interest in the property replevied, for the consideration of $500 paid to him by Bennet, ceased to have any interest in the damages which might be recovered in the suit. The evidence shows that appellant converted the property to his own use. Under these circumstances the damages recoverable are the value of the property replevied, with interest on such value, less $500, paid by Bennet to Davis, and with which Bennet should be credited. The first replevin suit was brought September 22d, and the second September 27, 1892. The proof shows the value of the replevied goods to have been $1,625. Interest on that amount from September 27, 1892, till April 5, 1900, the date of the judgment, at the rate of five per cent per annum, is $616.14, making the total of principal and interest $2,241.14, from which deducting $500, leaves $1,741.14, the amount for which judgment might have been rendered. Excluding interest, the value of the property, less $500, is $1,125. The amount of the judgment appealed from is $1,116.07. Appellee's counsel claim that S. Levy &

Co. are entitled to share in the proceeds of the judgment, by virtue of the instrument of date October 24, 1895, executed by Davis to S. Levy & Co., and the agreement of date May 26, 1897, between Davis and Levy & Co. But we do not deem it necessary or expedient to pass on that question. The decision of the cause can not, in any way, affect any right which S. Levy & Co. may have, as they are not parties to the cause, and nothing said in this opinion must be understood as prejudicial to any right which they may have. If, as claimed by appellee's counsel, they have an interest in the proceeds of the judgment, that interest may be protected by proper proceedings in the proper forum. We have only to do with judgment appealed from.

Appellant's counsel objected to the introduction in evidence of the execution in Davis v. Morris & Harris, on the ground that the balance due on it is misstated in the declaration. The objection is not applicable to the second count of the declaration, and was properly overruled.

Appellant's counsel also object to the refusal of the court to hold as law certain propositions submitted to the court on behalf of appellant. The first proposition was properly refused, because there is no evidence that Davis knew of the purchase of the goods from appellant. The second and fifth propositions are to the effect that no recovery could be had for the benefit of S. Levy & Co. We think they were properly refused. The third proposition was properly refused, because not applicable to the evidence. The refusal of the fourth was not prejudicial to appellant, as evidenced by the result. So far as appellant is concerned, he has no good ground to complain that substantial justice has not been done.

The contention that the sheriff's remedy is limited to an action or actions on the replevin bond, was not made in any way in the trial court, and therefore can not be considered here.

The judgment will be affirmed.