## J. M. H. Burgett et al. v. James H. Gilbert, for use, etc.

1. Replevin Bond—*Statement for Whose Use Suit is Brought is Immaterial.*—The statement in the declaration filed in an action upon a replevin bond that the suit brought by the plaintiff is for the use of another is inconsequential. The party bringing the suit is the actual and nominal plaintiff and his right to recover upon the replevin bond is the question presented to the court.

Debt, upon a replevin bond. Appeal from the Circuit Court of Cook County; the Hon. Frank Baker, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902. Affirmed. Opinion filed March 31, 1903.

J. M. H. Burgett, *pro se*, and E. R. Ede, attorneys for appellants; James D. Andrews, of counsel.

M. R. Harris, attorney for appellee.

Mr. Presiding Justice Waterman delivered the opinion of the court.

This is an appeal from a judgment rendered in an action of debt brought upon a replevin bond running to James H. Gilbert, as sheriff, and signed by appellants.

In the action of replevin, under the writ therein issued, there was taken by Gilbert, as sheriff, from the possession of John A. Rogers, five barrels of whisky owned by him.

November 27, 1894, on motion of an attorney for the

defendants therein, the replevin suit was dismissed for want
of prosecution at plaintiff's costs, and it was ordered that a
writ of *retorno habendo* issue for the return of the property
replevied. None of the property having been returned,
December 20, 1898, suit was brought by James H. Gilbert,
sheriff, for use of John A. Rogers, against the principal
and sureties upon the replevin bond.

February 14, 1902, action upon the bond coming on for
trial, was submitted to the court, jury being waived, where-
upon, after hearing evidence, the court found the issues for
the plaintiff, debt, $1,200, plaintiff's damages, $975, and
thereupon judgment against appellants was rendered for
debt, $1,200, damages, $975, and costs, debt to be dis-
charged on payment of damages and costs; from which
judgment an appeal to this court was taken.

It is urged by appellants that the action brought by
Gilbert being for the use of John A. Rogers, John A.
Rogers is the real plaintiff and must be so considered, and
only nominal damages should have been awarded to him.

In support of their contention in this regard, appellants
introduced evidence showing that after, upon the writ of
replevin, the whisky was taken from John A. Rogers, he
ascertaining that it had been taken to the place of business
of one Heffron, and being informed that he, Heffron, was
acting as the agent of one Thomas, brought an action of
assumpsit against Thomas and Heffron for the value of this
whisky; that upon the trial he dismissed his action against
Thomas and recovered a judgment against Heffron for over
$800, no part of which judgment has ever been satisfied.

The statement in the declaration filed in the action upon
the replevin bond that the suit brought by Gilbert is for
the use of Rogers, was, so far as the present proceedings
are concerned, inconsequential. Gilbert was the actual and
nominal plaintiff. His right to recover upon the replevin
bond was the question presented to the court. The state-
ment, "for the use of John A. Rogers," in no way affected
the right of recovery and is of no consequence in this
appeal. Schott v. Youree, 142 Ill. 233; Stevison v. Earnest,

80 Ill. 513; Atkins v. Moore, 82 Ill. 240; Wheat v. Bower, 42 Ill. App. 600; Chapin v. Matson, 37 Ill. App. 257.

Under the evidence in the case, no other judgment than that given by the court could have been rendered, and it is affirmed.