572

William G. McNulty and John P. McNulty, Trading as William G. McNulty & Brother, Appellants, v. J. J. White, Appellee.

Gen. No. 32,343.

Opinion filed May 8, 1928.

CASSELS, POTTER & BENTLEY, for appellants; KENNETH B. HAWKINS, of counsel.

STEBBINS, GAREY, L'AMOREAUX & HURTUBISE, for appellee; J. E. HURTUBISE and JAMES C. BYRNE, of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

At the January term of the circuit court appellants obtained a judgment as by default against defendant for $9,601.91. Defendant (appellee herein) had duly entered his appearance through his attorneys but had failed to file any pleadings within the time extended therefor. At the next term after the entry of said judgment defendant presented a motion to vacate the same under section 89 of the Practice Act, Cahill's St.

ch. 110, ¶ 89, and with leave of court filed a petition and affidavit by one of his attorneys in support thereof on April 29, 1927. On the same day plaintiffs filed a general demurrer to the petition. Later, on May 13, petitioner filed two more affidavits supporting the petition, and the matter came on for hearing June 1, 1927. On that day before the hearing plaintiffs filed two affidavits taking issue on what we regard as immaterial matters, and also a motion to expunge from the record "all the testimony, affidavits and other evidence heard in support of the petition and to exclude the same and dismiss the petition."

The order recited that the cause came up for hearing upon said petition, affidavits, demurrer and motion to dismiss the petition and strike the affidavits from the record, and ordered that the demurrer be overruled, the motion of plaintiffs to dismiss the petition and strike from the record be denied, the petition be sustained, and said judgment and the order of default be vacated and set aside. From said order this appeal is taken.

The brief first filed by appellants in this court having discussed as error only the overruling of the demurrer, appellee replied that the demurrer had been waived by the filing of counteraffidavits, and that under the rules of this court other assigned errors not argued must be deemed waived. Thereupon appellants wishing to argue the assigned error of denying their said motion to strike and dismiss, requested leave to file an additional brief. The cause not having been reached for hearing, we granted the leave, deeming it a proper exercise of discretion in order to bring the entire merits of the proceedings before us. In their additional brief appellants concede that by filing counteraffidavits they on general principles of practice would waive the demurrer, but urge that their motion to expunge or strike from the record "all the testimony and affidavits and other evidence heard in support of said

petition, and to exclude the same and to dismiss the said petition'' was in the nature of a demurrer to the evidence which it was error to deny.

We recognize that under the practice in this State in this kind of a proceeding counteraffidavits are treated as pleas to the petition or motion (*People v. Crooks,* 326 Ill. 266), and that in any case when pleas are filed while a demurrer is pending the demurrer is waived. (*Grier v. Gibson,* 36 Ill. 521, 522; *Bennet v. Gilbert,* 94 Ill. App. 505, 514.) But it is apparent from the order and the record that whether the court considered appellants' motion in the light of a demurrer to the evidence or as reopening the demurrer to the petition, in either case the motion presented a question of law only. The bill of exceptions does not disclose that any evidence was in fact heard. If the affidavits were considered as such, the court must have regarded the controverted facts as immaterial and have deemed those uncontroverted as sufficient to support the petition.

But as we view it, no evidence being heard, the effect of the motion was a demurrer to the cause of action. In other words, in asking the court to disregard or strike the affidavits and to dismiss the petition it presented the question anew whether it stated proper facts upon which to predicate a motion to vacate the judgment, and therefore a question of law only, for the affidavits merely verifying the facts set up in the petition added nothing to its sufficiency if such facts were wholly immaterial and not errors of fact.

We shall briefly summarize the facts relied upon. After reciting the facts of record, as aforesaid, including the fact that other defendants than appellee were made parties to the suit, the petition alleges in the first paragraph that there was a dismissal of said other parties defendant without notice to the attorneys for appellee or the other defendants. It is too obvious for discussion that this allegation states no error in fact which in such a proceeding must be some fact un-

known to the court and which, if known, would have precluded the rendition of the judgment. (*Cramer v. Illinois Commercial Men's Ass'n*, 260 Ill. 516, 522.) Besides, if the court wrongfully dismissed the other defendants out of the case it constituted an error of law and not one of fact and would have been reviewable on appeal or writ of error.

The second paragraph of defendant's petition merely recites the history of the case and does not purport to set forth any error of fact.

Passing for a moment the allegations in the third paragraph of the petition, we shall briefly refer to the allegations in the remaining paragraphs.

The fourth and fifth paragraphs of the petition allege that when damages were assessed neither defendant nor his attorneys were present, and that the record falsely recites that the parties to the suit were present by their respective attorneys. In *People v. Noonan*, 276 Ill. 430, a like proceeding where the motion to vacate the judgment was urged on like recitals in the judgment order and the averment that they were incorrect, the court said it was only concerning matters of which the judgment itself is silent that the court may entertain a motion under section 89 of the Practice Act, Cahill's St. ch. 110, ¶ 89, to correct errors in fact; that affidavits in support of such motion cannot be heard to contradict the record, and that under such a state of facts no relief could be had under said section 89. (p. 434.)

The sixth paragraph of the petition sets forth a state of facts tending to show that when appellee's attorney who had charge of the pleadings was reminded that the time for filing a plea in said case was about to expire, he, through confusion or inadvertence as to the case referred to, failed to file it. Unquestionably such failure must be deemed negligence or a mistake of fact by counsel but not an error in fact which if known by the court would have prevented entering the

judgment (*Cramer v. Illinois Commercial Men's Ass'n,* 260 Ill. 516, 522; *Chapman v. North American Life Ins. Co.,* 292 Ill. 179); for a motion under section 89, Cahill's St. ch. 110, ¶ 89, is not intended to relieve a party from the consequences of his own negligence. (*Loew v. Krauspe,* 320 Ill. 244.) Even when a motion to vacate the judgment is made during the term the judgment was entered it will not as a rule be entertained where the default is due to negligence or lack of diligence. (*Schultz v. Meiselbar,* 144 Ill. 26.)

The seventh paragraph alleges that the defendant has a good and meritorious defense. But it has been held that lack of knowledge by the court of facts in the case which constitute the defense is not an error of fact which can be corrected by such a motion. (*Marabia v. Mary Thompson Hospital of Chicago for Women and Children,* 309 Ill. 147, 155.)

It is unnecessary to analyze the affidavits in support of these allegations if as we hold they do not constitute errors of fact reviewable under said section 89, Cahill's St. ch. 110, ¶ 89, nor to consider them so far as they present merely a question of professional ethics in failing to give appellee's counsel notice of taking default or of assessment of damages.

Coming now to consideration of the allegation in the third paragraph of the petition of the failure to give such notice, the question presented and the main one discussed is whether such failure constitutes an error in fact upon which a motion under section 89 may be predicated. On this question rule 20 of the circuit court has been brought before us, which reads: ''No motion will be heard or order made in any cause without notice to the opposite party, when an appearance of such party has been entered, except where a party is in default or when a cause is reached on the call of the trial calendar.'' That notice of taking a default need not be given under such rule seems to be conceded, but it is urged that the rule does not dispense

with notice of the assessment of damages, it being a recognized right of a defendant who has appeared and been defaulted to appear and cross-examine plaintiff's witnesses, and introduce witnesses on his part on the question of damages. While this is true, and the opportunity to exercise the right would probably be given if requested of the court, it does not follow that a defaulted defendant is entitled to such notice under the rule. Its plain meaning is that notice need not be given to a party when or after he is "in default" for want of taking issue under our practice.

A different interpretation urged is that stated in *Straus v. Biesen,* 242 Ill. App. 370, that as a default to plead admits the cause of action, but not the amount of damages, it is not a "complete default" under the rule. The question arose there on a writ of error, and therefore as an alleged error of law and not one of fact. The construction of the rule, however, was in conflict with that of another division of this court in *Precision Products Co. v. Cady,* 233 Ill. App. 72, and, in our opinion, with the decision in *Cramer v. Illinois Commercial Men's Ass'n,* 260 Ill. 516, on which the ruling in the *Cady* case was based. In the *Cramer* case a default was taken and the damages assessed without notice after defendants' pleas were stricken from the files for want of an affidavit of merits, and judgment was entered. After the expiration of the term in which the judgment was entered a motion was made under said section 89, Cahill's St. ch. 110, ¶ 89, to vacate it, setting up as an alleged error in fact the failure to give notice under the rule above stated, which, as the opinion indicates, included want of notice of the assessment as well as of taking the default. The court said that the rule itself excepted from the requirement of notice any case where the party was "in default," and "that the rule did not apply." It also said if there was any error in entering default *and judgment* it was error of law and not of fact. The decision, therefore,

seems to be conclusive not only of the proper construction of the rule but of the point that if there was a violation of the rule it constituted an error of law and not one of fact.

Whether, therefore, we deem plaintiffs' motion to dismiss the petition and to strike the affidavits as a demurrer to the evidence, on the theory that the court treated the affidavits as such, or in practical effect, a demurrer to the petition, it raised a question of law only, and we think the court erred in denying the motion, it appearing neither by the petition nor by the affidavits in support thereof, whether considered as evidence or not, that any of the matters alleged in either constituted an error in fact.

Accordingly the judgment order vacating the judgment in the case and setting aside such default will be reversed.

*Reversed.*

GRIDLEY and SCANLAN, JJ., concur.