Paul Katauski, by John Katauski, his Father and Next Friend, Appellant, v. Eldridge Coal and Coke Company, Appellee.

Gen. No. 33,464.

Opinion filed November 6, 1929.

HERMAN P. HAASE and TIMOTHY J. FELL, for appellant.

McKENNA & HARRIS, for appellee; JAMES J. McKENNA and ABRAHAM W. BRUSSELL, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is an appeal from an order vacating a judgment against defendant, entered by default for the sum of $6,500, on October 30, 1928.

There is not found in the record any bill of exceptions.

The judgment was entered at the October term 1928 of the court. On November 15, 1928, being the November term of the court, notice was served on plaintiff's attorneys that defendant would move the court on November 16, 1928 to vacate the judgment.

The motion is in the following words:

"Now comes Eldridge Coal and Coke Company, a corporation by its attorneys, McKenna & Harris, and moves the Court to vacate the judgment entered in the above entitled cause on October 30, 1928, and in support of said motion presents herewith the affidavit of Ian P. McDonald."

The maker of the affidavit appears to be one Ian P. McDonald, an agent of the Liberty Mutual Life Insurance Company, a corporation existing under the laws of the State of Massachusetts. This company is not a party to this action. Neither does the affidavit disclose that the affiant is in any manner connected with defendant or acting for it.

The common law record shows that the judgment entered at the October term was vacated at the following December term, at which time the court had lost jurisdiction to enter an order vacating the judgment requested in this motion.

Another motion made subsequent to the motion above referred to, is found in the record which is in the following words:

"Now comes Eldridge Coal and Coke Company, by its attorneys, McKenna & Harris, and represents that on the 30th day of October, A. D. 1928, judgment in the amount of Sixty-five Hundred ($6500) Dollars was entered against this defendant; that this judgment

was entered as the result of an accident or mistake, and without negligence on the part of this defendant, or its representatives, as by affidavit filed in said cause more fully set forth.

"The defendant further represents that it has a good and meritorious defense to the whole of said case, and that the judgment of Sixty-five Hundred ($6500) Dollars was unconscionable.

"And defendant, therefore, moves this honorable court to set aside and vacate the judgment heretofore rendered in said cause."

A demurrer was interposed to this motion by plaintiff.

On this motion the following order was entered of record December 31, 1928:

"This cause coming on to be heard upon the demurrer to the defendant's motion in the nature of writ of error *coram nobis* filed in said cause, after arguments of counsel and due deliberation by the Court, said demurrer is overruled; to which the plaintiff then and there excepted. Whereupon the plaintiff elects to stand by his demurrer.

"It is therefore considered by the Court that the default and judgment heretofore entered herein be and the same are hereby vacated and set aside; to which the plaintiff then and there excepted."

The second motion to vacate the judgment was made under section 89 of the Practice Act, Cahill's St. ch. 110, ¶ 89, and is confined to errors of fact intervening in the entry of the judgment.

The trial court being without jurisdiction to enter an order after the passing of the term at which the judgment was entered, could only proceed in the decision of the motion in accord with section 89 of the Practice Act, Cahill's St. ch. 110, ¶ 89, and under these conditions the question before the court was one of law as to whether the motion disclosed that the judg-

ment had been entered by the court in ignorance of existing facts, which, if brought to its knowledge, would have prevented the entry of the order.

The demurrer interposed to the motion was overruled. That order was erroneous. The motion failed to disclose any facts which, if known to the court at the time of the entry of the judgment, would have precluded its rendition. It contained mere conclusions of the pleader.

In the case of *McNulty v. White,* 248 Ill. App. 572, it was held that an error of fact in a proceeding to vacate a judgment under section 89 of the Practice Act, Cahill's St. ch. 110, ¶ 89, must be some fact unknown to the court at the time of the entry of the judgment, which, if known, would have precluded the rendition of the judgment. Lack of knowledge by the court of the facts in the case, which constitute the defense, is not an error of fact, which can be corrected under section 89, *supra,* by a motion to vacate a judgment by default.

For the errors above indicated, the judgment in this appeal is reversed and the cause remanded with directions to the trial court to sustain the demurrer to the motion made to vacate the judgment and to vacate the order of December 31, 1928, vacating the default judgment entered October 30, 1928.

*Reversed and remanded with directions.*

WILSON, P. J., and RYNER, J., concur.