Ex Parte George Dusenberg, Petitioner, v. Leslie Rudolph, Warden of State Penitentiary.—30 S. W. (2d) 94.

Court en Banc, July 8, 1930.

*Watson & Allison* for petitioner.

*Stratton Shartel,* Attorney-General, for respondent; *L. Cunningham* of counsel.

884

FRANK, J.—Original proceedings in habeas corpus to procure the release of petitioner from the state penitentiary where he is now imprisoned. The issue and service of our writ and the production of the body of the petitioner were formally waived. It appears from the pleadings that on June 18, 1929, at a special term of the Circuit Court of Phelps County, petitioner entered a

plea of guilty to an information filed in said court, charging him with the crime of robbery in said county, and was by said court sentenced to imprisonment in the penitentiary for a term of thirty-five years, where he is now confined under said sentence.

It further appears from the pleadings that at the next regular September term, 1929, of said court, petitioner filed an application for a writ of error *coram nobis* to set aside the judgment and sentence under which he was imprisoned. On the hearing of this application, the prosecuting attorney admitted that the alleged robbery was not committed in Phelps County. The trial court so found, and for that reason set aside the judgment and sentence theretofore entered on petitioner's plea of guilty.

The law is well settled that a circuit court has jurisdiction on writ of error *coram nobis,* or a motion in the nature of such a writ, to set aside a final judgment at a term subsequent to its rendition, for errors of fact which affect the validity and regularity of the proceedings which resulted in the rendition of the judgment, and which were not in issue and adjudicated at the time the judgment was rendered. For example "a judgment rendered against an insane person without the intervention of a guardian; where a defendant dies after service of process, and before judgment; where a married woman (before the enactment of the Married Woman's Act) was sued without her husband being joined and judgment rendered against her; judgment against an infant without a guardian *ad litem,* etc."

It is also well settled that error *coram nobis* does not lie to correct an error of fact which was in issue and adjudicated at the time the judgment was rendered. "Only such errors can be assigned as are consistent with the record before the court, and the court will not look into the cause of action on which the judgment was rendered, or consider any fact which might have been presented to the court on the trial of the cause, and still less any facts which were put in issue and adjudicated upon the trial." [Simms v. Thompson, 291 Mo. 493, 515, 236 S. W. 876; Jeude v. Simms, 258 Mo. 26, 40, 166 S. W. 1048; State v. Stanley, 225 Mo. 525, 531, 125 S. W. 475.]

Petitioner however, insists that if the alleged robbery was not, in fact, committed in Phelps County, the circuit court of that county had no jurisdiction of said alleged offense and for that reason its judgment against him was properly set aside.

There would be merit in petitioner's claim if he had been in a position to raise the question of jurisdiction. The trouble with his contention is that the place where the robbery was committed was an issue of fact which the trial court had to determine for itself, and having once determined it, that determination is as much *res judicata* as the decision of any other issue in the case. [Hadley

v. Bernero, 103 Mo. App. 549, 554-5, 78 S. W. 64; Baker v. Smith's Estate, 18 S. W. (2d) 147, 151; In re Lydia Sisk, 265 S. W. 536, 538, 305 Mo. 328.] The information charged petitioner with the commission of a robbery in *Phelps County*. The place where the crime was committed was an element of the offense and a vital issue in the case. If petitioner had not entered a plea of guilty to the charge, it would have been necessary for the State to prove, not only that he committed the robbery, but that he committed it in Phelps County. His plea of guilty took the place of evidence and was an admission of record of the truth of the charge that he committed the robbery in Phelps County. It has been said that ''a plea of guilty, accepted and entered by the court, is a conviction of the highest order, the effect of which is to authorize the imposition of the sentence prescribed by law on a verdict of guilty of the crime sufficiently charged in the indictment or information.'' [8 R. C. L. 116, sec. 85.] It is well said in the brief of the learned Attorney-General ''that petitioner could not enter a plea of guilty and after the term of court had expired, deny that any crime had in fact been committed or deny that he committed it, and offer evidence in support of such denials. The question of the commission of the crime, the time and place of its commission and the identity of the person committing it, are on a parity.''

The judgment and sentence pronounced on petitioner's plea of guilty at the June (1929) term became final and conclusive with the ending of that term. If this final judgment could be lawfully set aside on motion filed at a subsequent term for alleged error of fact as to the venue of the crime, it could be set aside for alleged error of fact as to any other issue in the case. If such were the rule, there would be no stability in judgments, no end to litigation and the courts of this State would be flooded with applications for writs of habeas corpus on the ground that the petitioner's conviction resulted from an erroneous decision of some issue of fact.

The decisive question in this habeas corpus proceeding is whether or not the circuit court had jurisdiction of the *coram nobis* proceedings. If so, its action in setting aside the judgment and sentence, although erroneous, is conclusive and entitles petitioner to his discharge. On the other hand, if the court was without jurisdiction, its action in setting aside the judgment and sentence was void and is subject to collateral attack.

Jurisdiction has been defined to be the right to adjudicate concerning the subject-matter in a given case. [Stark v. Kirchgraber, 186 Mo. 633, 645-6, 85 S. W. 868, 872.] A court may have jurisdiction of the class of cases to which the one to be adjudicated belongs, and yet not have jurisdiction of the particular case to be adjudicated. An example of this situation is found in Gray v.

Clements, 227 S. W. 111. That was a suit to quiet title, in which a collateral attack was made on a judgment in a certain partition suit. In the partition suit the petition alleged and the judgment recited that plaintiff owned a life estate in the premises and the defendants had the remainder. On appeal to this court, point was made that the judgment in the partition suit was not subject to collateral attack. We held that while the court had jurisdiction to partition real estate, it did not have jurisdiction of the particular case because the facts alleged in the petition as well as the judgment on its face showed that the land was not subject to partition, and for that reason the judgment decreeing partition was void and subject to collateral attack. In the disposition of that case, we said:

"Where the record of a judgment shows on its face that the court did not have authority to grant the particular relief which it did grant, the judgment is void, and subject to collateral attack. There must be jurisdiction of the matter acted upon; the court must have the power 'to render the particular judgment in the particular case' before it can be said to have jurisdiction." [Citing cases.]

The grounds of petitioner's application to set aside the judgment are, in substance, (1) that the court was without jurisdiction to render the judgment because the alleged robbery was not committed in Phelps County, (2) that such fact was unknown to the court and to the petitioner, but was known to the prosecuting attorney who concealed it from the petitioner and the court, and (3) that after petitioner's arrest and prior to his plea of guilty to the charge, he was not permitted to communicate with his parents, relatives or friends or employ counsel, but was induced to enter a plea of guilty to the charge under a promise made by the prosecuting attorney, that he, as such prosecutor, would see that the court either gave him a light sentence or discharge him altogether.

A sufficient answer to the first ground of the application is that the venue of the crime was an issue in the case and was adjudicated by the court when the judgment was entered on petitioner's plea of guilty to the charge at the June (1929) term. That adjudication became final with the ending of that term, and any alleged error regarding that final adjudication furnishes no ground for setting aside the judgment on application filed at a subsequent term. [Authorities, supra.]

As to the other grounds alleged in the application, they amount to an attempt to allege that petitioner's plea of guilty and the judgment and sentence pronounced thereon were obtained by fraud. It is not necessary to determine whether or not these allegations are sufficient to charge fraud, because relief on the ground of fraud is not available on error *coram nobis*. [Simms v. Thompson,

291 Mo. 493, 518, 531, 236 S. W. 876; Jeude v. Simms, 258 Mo. 26, 41, 166 S. W. 1048; Hartford Fire Insurance Co. v. Stanfil, 259 S. W. 867, 870. ]

We are familiar with the rule that "when the general character of a judgment is such that its subject-matter falls within the general jurisdiction of the court that enters it, a collateral attack cannot be made thereon, even though the pleadings may be defective. And it is not subject to collateral attack even though there was no cause of action stated in the pleadings." [Cole v. Parker-Washington Co., 207 S. W. 1. c. 766.] But the rule is otherwise where it appears from the facts stated in the petition that the court has no jurisdiction to grant any relief. In other words, there is a distinction between a petition asking relief which the court is authorized to grant, but simply fails to state sufficient fact to entitle the plaintiff to the relief asked, and one which expressly states facts which show that the court has no authority to grant the relief asked for.

There is no doubt about the jurisdiction of the Circuit Court of Phelps County to set aside a judgment on a proper application filed at a subsequent term, if supported by competent testimony. But in the proceedings in question, the application to set aside the judgment, asked that it be set aside on grounds expressly stated in the application, which showed that the court had no authority to grant the relief which it did grant. The same thing appears from the face of the judgment rendered on said application. It is therefore void and subject to collateral attack. Gray v. Clements, supra. This conclusion leaves the original judgment and sentence rendered against petitioner in full force and effect.

For reasons stated, petitioner should be remanded to the custody of the warden of the penitentiary and the writ should be dismissed. It is so ordered. All concur, except *Walker, J.,* absent.