The People of the State of Illinois, Appellant, v. Frank Budasi, Appellee.

Gen. No. 38,815.

118

Opinion filed November 4, 1936.

THOMAS J. COURTNEY, State's Attorney, for appellant; EDWARD E. WILSON and AMOS P. SCRUGGS, Assistant State's Attorneys, of counsel.

UNGARO & SHERWOOD, of Chicago, for appellee.

MR. PRESIDING JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

This case comes before us on a writ of error to the municipal court, wherein a judgment was entered against the defendant Frank Budasi who was charged with stealing $14 from Nicholas L. Willer and was sentenced to the House of Correction for six months and fined $1 and costs.

Later, on a petition filed by defendant, he was retried and found not guilty. There is also before this court for consideration case No. 38,816, entitled *People of the State of Illinois v. Frank Budasi,* the defendant in the instant case, wherein he was charged with and found guilty of having assaulted, struck and wounded the said Nicholas L. Willer. The trial court sentenced said defendant to the House of Correction for six months and fined him $1 and costs. Both sentences were to run concurrently. This case was also reconsidered on defendant's petition and he was found not guilty.

As this case and case No. 38,816 involve the same parties and the facts and the law applicable in each case are substantially the same, they have been consolidated for our consideration.

Defendant did not file any briefs in this court.

The evidence shows that on September 8, 1935, an information was filed in the municipal court charging

Frank Budasi with having stolen $14 from Nicholas
L. Willer. A warrant was issued and Budasi arrested.
At the same time another information was filed charg-
ing Frank Budasi with the assault and battery of
Nicholas L. Willer, upon which a warrant was issued
and defendant was brought before the court for trial,
being represented by counsel of record. Upon arraign-
ment defendant pleaded guilty to both charges and on
September 11, 1935, was sentenced to the House of
Correction for a period of six months and fined $1 and
costs, the fine to be worked out at the rate of $1.50 a
day.

On the charge of assault and battery and on a plea
of guilty the defendant was filed $1 and costs and
ordered committed to the House of Correction until
he paid the same or worked it out at the rate of $1.50
per day.

The evidence further shows that on October 11, 1935,
on a petition of defendant the cases were set for a re-
hearing on October 14, 1935, although the record con-
tains no copy of the petition. On November 4, 1935,
an order was entered setting the cases for trial on
November 12, 1935, and on November 12, 1935, they
were set for November 13, 1935, when the cause was
set for trial on November 15, 1935, although there was
no order vacating the previous judgments or granting
a new trial.

On November 14, 1935, a notice was served on the
State's attorney purporting to be signed by the de-
fendant, in which defendant sets forth that he was
sentenced on September 11, 1935, to serve six months
on both the charge of larceny and the charge of assault
and battery and also to pay a fine of $1, and that he has
now been advised that, at the time he signed a certain
document before the court, he signed what is known as
a jury waiver; that defendant did not know that he
signed a jury waiver and was not informed of the fact

that he was entitled to a jury trial; that he was not informed of the fact that he was actually up for trial and was under the impression that he was merely before the judge for a preliminary examination; that had defendant been advised of the fact that he was actually on trial in these cases, he would not have signed the jury waiver but would have insisted on a jury trial and would not have pleaded guilty.

Defendant further states that at the time his case was called for trial it was the first time these cases had been reached and that he had had no opportunity to consult with his counsel in connection with the preparation of the defense in these cases; that his attorney asked for a continuance, but the same was denied and because of the foregoing he was wholly unprepared to proceed to trial on the date aforesaid. Defendant prayed that the orders heretofore entered on September 10, 1935 in the above case be vacated as provided by ''section 89 of the Practice Act Chapter 110'' of the State of Illinois for the purpose of correcting errors in fact committed in these cases and that a new trial be granted. At that hearing the defendant was ordered brought from the House of Correction to appear at the hearing on November 15, 1935. The State's attorney thereupon appeared and made a motion to dismiss the above petition for the reason that the petition was not sufficient. Thereafter on the same day, a hearing was had on the petition and a new trial granted and the motion of the State to dismiss the petition was denied. Thereupon the cause was heard before the court without a jury and the defendant found not guilty and discharged.

It is quite apparent from the petition of the defendant that, under the statute, nothing therein stated could properly be used as the basis for a motion in the nature of a writ of error *coram nobis*. The purpose of the writ of error *coram nobis* under the common law

practice and as now provided by paragraph 200, section 72 of the Practice Act, being chapter 110, Ill. State Bar Stats. 1935, is that such writ should only be used where an error of fact occurred at the trial of which the court had no knowledge and which evidence could not be produced by the defendant either through duress, ignorance or excusable mistake. *People v. Crooks,* 326 Ill. 266.

As was said in the case of *Jacobson v. Askinaze,* 337 Ill. 141, at page 146:

"The purpose of the writ *coram nobis* at common law, and of the statutory motion substituted for it in this State, is to bring before the court rendering the judgment matters of fact not appearing of record, which, if known at the time the judgment was rendered, would have prevented its rendition. Illustrations of such matters are the disability of the parties to sue or defend, the failure of the clerk to file a plea or answer, and the omission to interpose, through fraud, duress, or excusable mistake and without negligence on the part of the defendant, a valid defense existing in the facts in the case. The motion is not available to review questions of fact which arise upon the pleadings or to correct errors of the court upon questions of law."

In this case the defendant stated that he would not have pleaded guilty; that he would not have waived a jury trial and that he did not know he was on trial, etc. Defendant's petition does not allege any fact unknown to the court at the time of the trial which, if presented at a new trial, would result in any different finding by the court. He did not claim in his petition that he was not guilty of the charges or give any legal reason why a new trial should be granted.

Defendant's allegation that he would not have signed a jury waiver is of no consequence because the record shows that he pleaded guilty and a jury would not be

called in that event. He was represented in court by counsel who presumably instructed him as to his rights under the law. The lack of good faith in filing the petition is evidenced by the fact that, upon being granted a new trial, he waived a trial by jury.

For the reasons herein given the judgment of the municipal court finding the defendant not guilty and discharging said defendant is hereby reversed and the cause is remanded with directions to that court to strike the petition of the defendant and vacate and set aside the order setting aside the previous order of conviction and enter an order remanding the defendant to the custody of the superintendent of the House of Correction to complete his sentence and enter such other orders as may be necessary which are not inconsistent with the views herein expressed.

*Judgment reversed and cause remanded with directions.*

HEBEL and HALL, JJ., concur.