**ROBINSON v. JOHNSTON, Warden.**
No. 9535.

Circuit Court of Appeals, Ninth Circuit.
April 8, 1941.

HEALY, Circuit Judge, dissenting.

Thomas H. Robinson, Jr., in pro. per.

Frank J. Hennessy, U. S. Atty., and R. B. McMillan and A. J. Zirpoli, Asst. U. S. Attys., all of San Francisco, Cal., for appellee.

Before WILBUR, GARRECHT, and HEALY, Circuit Judges.

WILBUR, Circuit Judge.

The petitioner on May 13, 1936, pleaded guilty in the United States District Court for the Western District of Kentucky to a charge of kidnapping committed in September, 1934, in that district, in violation of Title 18 U.S.C.A. § 408a. He was arrested in Glendale, California, May 11, 1936, transported by airplane to Louisville, Kentucky, arriving May 12, 1936. On the day he pleaded guilty (May 13) he was sentenced to life imprisonment and is now confined serving that sentence in the federal penitentiary at Alcatraz in the Northern District of California. He petitioned the United States District Court for that district for a writ of habeas corpus, alleging in his petition that at the time he pleaded guilty he was insane; that both the judge and the United States Attorney knew the facts concerning petitioner's insanity; that he had no attorney, that none was provided for him and that he did not intelligently waive his right to counsel, and that he did not know that he was entitled to that right.

The petition alleges that his attorneys, Huggins and Hogan, on October 6, 1936, filed in the United States District Court for the Western District of Kentucky a motion to vacate the judgment and sentence imposed upon the petitioner and to grant to the defendant a new trial and to grant leave to the defendant upon granting a new trial to withdraw the plea of guilty and to enter a plea of not guilty. The motion stated twenty grounds for the granting of the motion, among them the ground that the defendant had been insane from June 27, 1929 "to and including the present date"; that "at the time of the alleged commission of the alleged crime" he was in-capable of understanding the purport or meaning of his alleged acts or the effect or consequences of any of his acts; that he was so insane at the time he pleaded guilty that he did not and could not understand the nature or effect of his plea of guilty; that he was under duress, force, overpersuasion, fraud and misrepresentation at the time when he was legally irresponsible and legally and medically insane; that defendant did not "knowingly" kidnap or hold for ransom, or transport in interstate commerce a kidnapped person; that he was denied the right or privilege of defense by counsel of his own choice or any counsel learned in the law, and because of being without the assistance of counsel and being legally insane he did not understand the seriousness of the charges against him; that he was not allowed to contact, confer or advise with any counsel; and that there was no unlawful kidnapping. Other grounds are stated in the motion addressed to the trial court, which it is unnecessary to set forth here, because they are not involved in the consideration of the petition for habeas corpus. On October 6, 1936, the motion was ordered filed and thereafter on October 10, 1936, by leave of court it was amended by the addition of ten additional grounds for the motion, amplifying the grounds already stated, and reiterating that he had a valid defense to the charge, and alleging that he did not know and was not advised of his right to withdraw his plea within ten days after plea and before sentence, 28 U.S.C.A. § 723a; Rule II, Rules of Practice and Procedure in Criminal Cases, 292 U.S. 661, 662, and that he was during that period held incommunicado in the federal prison at Atlanta, Georgia; that the court erred in imposing sentence before the lapse of ten days from the date of the plea. The motion as amended came on for hearing on October 12, 1936. At that time the court filed a memorandum opinion, findings of fact and conclusions of law, which occupies ten pages of the appellant's petition in the transcript on this appeal. This opinion clearly implies but does not expressly find as a fact that the defendant was sane at the time he committed the offense and also when he pleaded guilty. The court ordered the clerk to prepare an "order overruling the motion". This order denying the motion was entered on the same date (October 12, 1936) but the order added that "the defendant, Thomas Henry Robinson, Jr., is hereby granted leave to tender within ten days from this date ad-

ditional affidavits". This leave was in furtherance of the statement with which the judge concluded his opinion and findings, which was as follows: "I will give ten days to the attorneys for the defendant to file additional affidavits, and if the evidence thus produced justifies it, I will give further consideration to the motion for a new trial." On October 20, 1936, the court extended the time for additional affidavits to November 5, 1936. On that date the defendant's attorneys filed a document signed by them and by the judge in the nature of a motion to withdraw his "motion and grounds for a new trial and the exhibits and affidavits in support thereof", and stating that "the court being advised, it is hereby ordered that defendant's motion and grounds, exhibits and affidavits in support thereof, be withdrawn, to all of which the United States by counsel, Buck Gardner and Oldham Clarke objects and excepts." The order entered in pursuance of this motion to withdraw is in part as follows: "It is ordered that the attorneys for the defendant herein, Messrs. Huggins and Hogan, be, and they are hereby permitted to withdraw the motion and grounds for a new trial, and the exhibits and affidavits in support thereof from the Clerk's office by leaving copies thereof in said office."

It is to be observed that the order denying the motion for vacation of the judgment and sentence, and to withdraw the plea of guilty, and to plead not guilty, and for a new trial, is not vacated or set aside by the order of November 5, 1936.

The court, on January 26, 1940, denied the petition for a writ of habeas corpus without opinion or finding other than the statement that the denial was made "on authority of United States v. Robinson, No. 18917 Criminal, District Court of Kentucky". No. 18917 is the number of the indictment to which the petitioner pleaded guilty. The petitioner on April 5, 1940, gave notice of appeal and applied for leave to proceed on appeal in forma pauperis under 28 U.S.C.A. § 832. The application was granted.

The first question to be considered is the effect of the action of the District Court in the Western District of Kentucky in denying the above-stated application of the petitioner. The petitioner claims that the order of October 12 denying his application to the United States District Court for the Western District of Kentucky is

without effect because his petition was thereafter withdrawn by consent of court on November 5th. The respondent claims that the opinion, findings and order by that court of October 12, 1936 are "conclusive" on this application for a writ of habeas corpus on the same grounds urged upon the motion.

We conclude that the order of November 5, 1936, permitting the withdrawal of the defendant's motion, did not in fact or in legal effect vacate the order of denial, and that the rights of the petitioner on this appeal must be determined in the light of such denial. The initial question then is, did this order conclusively determine the question of defendant's sanity at the time of his plea and of his waiver of counsel. That question turns upon the jurisdiction of the United States District Court for the Western District of Kentucky to entertain the motion presented to it after the lapse of the period provided by rule (Rule II (4), supra) for each of the several motions made by the defendant. The motion to vacate the judgment and sentence and to withdraw the plea on the grounds stated went to the jurisdiction of the trial court, and consequently can be raised collaterally on habeas corpus in any federal court where the petitioner is detained, including the one which rendered the judgment. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; Frame v. Hudspeth, 309 U.S. 632, 60 S.Ct. 712, 84 L.Ed. 989. It would seem reasonable that the court rendering the void judgment could set it aside at any time on direct application for such an order, as well as on a collateral attack by petition for a writ of habeas corpus. Such an application by motion to the trial court is in the nature of an application for a writ of error coram nobis. The common-law remedy by such writ has been superseded in the federal courts by motion addressed to the court whose judgment is attacked. United States v. Mayer, 235 U.S. 55, 67, 35 S.Ct. 16, 59 L.Ed. 129; United States v. Port Washington Brewery Co., D.C., 277 F. 306; Strang v. United States, 5 Cir., 53 F.2d 820. Compare Linton v. State, 72 Ark. 532, 81 S.W. 608. We hold that where the motion to the trial court is based upon facts that properly would have been brought to the court's attention at common law by the writ of error coram nobis, such motion may be made after the expiration of the time fixed for such motions by Rule II, supra.

Was this motion made by the defendant in legal effect equivalent to an application for a writ of error coram nobis at common law? We hold that it was. Cf. People v. Mooney, 178 Cal. 525, 528, 174 P. 325. The general rule in regard to the writ of error coram nobis is that its purpose is to bring to the attention of the court some fact which was unknown to the court which, if known, would have resulted in a different judgment. Smith v. State, 200 Ark. 767, 140 S.W.2d 675; People v. McVicker, 37 Cal.App.2d 470, 99 P.2d 1110; State v. Swindall, 33 Okl.Cr. 210, 241 P. 456; McNulty v. White, 248 Ill.App. 572; Hawks v. State, 162 Md. 30, 157 A. 900. It is most appropriately and most frequently invoked in cases where it is claimed that a defendant or party was so insane at the time of the trial that he could not intelligently participate therein. People v. Reid, 195 Cal. 249, 232 P. 457, 36 A.L.R. 1435, and cases cited therein; People v. Budasi, 287 Ill.App. 117, 4 N.E.2d 756. Compare United States v. Mayer, supra, 235 U.S. pages 66 and 67, 35 S.Ct. 16, 59 L.Ed. 129. The United States District Court for the Western District of Kentucky having jurisdiction to consider the defendant's application on the grounds now advanced by petition for writ of habeas corpus, it follows that its decision thereon is res adjudicata on this application. In that connection the case of Dusenberg v. Rudolph, 325 Mo. 881, 30 S.W.2d 94, is of interest. The trial court had granted a writ of error coram nobis and had set aside its judgment and sentence and released the prisoner. The custodian refused to obey the order and the prisoner petitioned for a writ of habeas corpus. It was held that if the lower court had jurisdiction to set aside the conviction the order would be binding upon the court in habeas corpus proceeding even if erroneous, but that as the court did not have jurisdiction the order setting aside the judgment was void. The converse of this would seem to be equally true and, if so, furnished a complete answer to petitioner's application for release. See, as to the effect of judgments, Freeman on Judgments, vol. 1, 514, sec. 256; p. 402, sec. 207; vol. 2, p. 1406, sec. 668.

Here it should be stated that in the case at bar it is alleged in the petition for the writ of habeas corpus that the facts concerning petitioner's insanity were known to the trial court at the time the plea was accepted. This allegation means no more than that the judge should have concluded from the facts known to him that the defendant was insane. He evidently reached the conclusion that the defendant was sane. His action in accepting the plea was necessarily based upon his belief in the sanity of the defendant. It makes no difference on this petition whether or not the judge knew that the defendant was presently insane at the time he pleaded guilty, because, if that was the fact, the judgment of conviction was void in any event, so that the crucial question here is the fact of insanity, and not the judge's knowledge on the subject. It should be observed that it is not claimed here by the respondent that the judgment of conviction on the defendant's plea is conclusive on the question of sanity. If it were claimed here that the judgment of conviction was conclusive on the question of insanity, then of course the fact that the matter was controverted or considered by the trial court at the time the plea was entered would be important. We mention this question merely to show that it is not considered here.

We hold that the petition herein does not state facts sufficient to entitle the petitioner to a writ, and for that reason the order must be affirmed.

HEALY, Circuit Judge (dissenting).

I am not able to agree that the order of the federal court in Kentucky disposes of this petition. The addendum to its order is evidence that the court did not regard as final its ruling on Robinson's motion for a new trial. The subsequent withdrawal of the motion and supporting papers, with leave of court embodied in the withdrawal application itself, reinforces that view of the court's understanding. More, it amounts to an implied vacation of the order, which had no basis other than the motion. If that was the net result of the action taken by the Kentucky court, and I think it was, then so far as that court is concerned the whole matter remains at large.