## WALEY v. JOHNSTON, Warden.

### No. 23404–S.

District Court, N. D. California, S. D.

April 15, 1941.

Fred McDonald, of San Francisco, Cal., for petitioner.

Frank J. Hennessy, U. S. Atty., and A. J. Zirpoli, Asst. U. S. Atty., both of San Francisco, Cal., for respondent.

ST. SURE, District Judge.

Petitioner Waley is detained in the United States prison at Alcatraz, committed from the state of Washington after pleading guilty, in the United States District Court, to a charge of transporting a kidnapped person in interstate commerce and holding said person for ransom and reward, 18 U.S.C.A. § 408a, and also to a charge of conspiracy to commit said crime, 18 U.S.C.A. § 408c.

This is the eighth petition filed by Waley in this Court, the previous ones having been denied. Appeals were taken in two of the cases which were affirmed. Within the last two years this Court has considered and passed upon more than one hundred petitions for writs presented by inmates of Alcatraz prison. At the risk of shocking judicial decorum, I cannot help observing that conjuring of grounds for petitions in habeas corpus is a popular indoor sport at Alcatraz.

In his present petition Waley alleges, inter alia, that he was forced to plead guilty "under threat of death, issued by agents of the United States" who "did threaten, intimidate, and force to plead guilty, this, your petitioner, to-wit, by use of Gesapo, and D.G.P.U., tactics such as are used in Germany and Russia, so they say."

Petitioner further alleges "the Agent of the United States and said Bureau [F. B.I.] who issued the threat, said his name was Miller. * * * Up to this time the F. B.I., agents had been staging a lot of the usual theatricals, to-wit: 'We'll throw you out a window like we did that fellow in Chicago;' 'We'll beat you up;' 'Wait till A. F. Deere gets here, etc.'; *these didn't bother me, as the biggest part of my family and relations have been, or are, police;* and I know a little about traffic, and fingerprints myself, I also know the usual police psychology therefore. * * * I saw the Agent in charge, E. J. Connelly, take a message from this machine [teletype], and soon thereafter I was given the threat of death as said, * * * They * * * made me * * * plead guilty under threat of death as said." [Emphasis supplied.]

Order to show cause was issued and counsel appointed by the Court to represent petitioner. The Government filed a return. The matter was thereafter argued, briefed, and submitted upon the petition and the Court record.

The only point made in the brief filed on behalf of petitioner is "that his plea was entered due to threats on the part of an agent of the Department of Justice, named Miller. * * * The petitioner alleges he believed these threats, and coerced by them, he entered his plea. Significantly, no denial is made by Miller, and the only return to the order to show cause is the Court record, and the affidavits of the United

States Attorney, and an agent named Connolly."

The affidavits of the United States Attorney and agent Connolly will be disregarded, and the case considered solely upon the verified petition and the Court record. Waley charges that agents of the Federal Bureau of Investigation made threats against his life which induced him to enter a plea of guilty, and in the next breath he acknowledges "these threats didn't bother me, as the biggest part of my family and relations have been, or are, police." If the alleged threats didn't bother Waley the claim that a plea of guilty was entered through fear falls. In addition, the transcript of the record of the proceedings before Judge E. E. Cushman when Waley and his wife appeared in Court for arraignment shows that neither of them was actuated nor induced by fear in what they did. The transcript contains more than twenty typewritten pages and shows that the Judge, solicitous of the rights of petitioner and his wife, with painstaking care informed them of their constitutional rights. At the request of Mrs. Waley, counsel was appointed for both of them and the case was continued until the following day, when Waley voluntarily entered a plea of guilty to the indictment. Although Waley thus was given ample opportunity to disclose to the Court or counsel the alleged threats of which he now complains, he never uttered a word about them.

In his petition Waley further alleges that in July, 1939, he applied to the District Court of Washington for a writ of error coram nobis, "and made the same charges he here makes." He attaches to his petition a memorandum decision of Judge E. E. Cushman dated July 8, 1939, marked Exhibit "A". The decision states that one of the grounds alleged in the petition for the writ of error coram nobis was that " * * * by threats of violence in the form of death" (he) "was forced to make statement, and enter a plea of guilt for a crime he never committed; * * *" The petition was in all respects denied. According to a decision of the 9th Circuit, Robinson v. Johnston, 118 F.2d 998, filed April 8, 1941, Judge Cushman's decision is res adjudicata on the present application.

All of the facts stated herein are undisputed and incontrovertible, and I think it appears therefrom, as a matter of law, that no cause for granting the writ of habeas corpus exists. Walker v. Johnston, 61 S.Ct. 574, 85 L.Ed. ——, decided February 10, 1941; Lovvorn v. Johnston, 9 Cir., 118 F.2d 704, decided March 24, 1941.

The petition will be denied.