## UNITED STATES v. TAYLOR.

No. A-5097.

District Court, N. D. West Virginia.

March 31, 1943.

354

Joe V. Gibson, U. S. Atty., of Kingwood, W. Va., and C. Brooks Deveny, Asst. U. S. Atty., of Fairmont, W. Va., for the United States.

James F. Burns, of Fairmont, W. Va., for defendant.

HARRY E. WATKINS, District Judge.

Defendant was convicted by a jury of violation of the National Motor Vehicle Theft Act, 18 U.S.C.A. § 408, and was sentenced on March 12, 1942, to four and one-half years' imprisonment. Before being transferred to prison he attempted to saw his way out of jail, and upon a plea of guilty to such charge was sentenced to an additional term of three years. On January 12, 1943, he filed a petition for writ of error coram nobis as well as petition to proceed in forma pauperis. He was allowed to proceed in forma pauperis, and the court appointed the same attorney who appeared for him in the previous trial to represent him in this proceeding. The United States has demurred to the petition for writ of error coram nobis. I am of the opinion that the demurrer should be sustained.

First, the writ of error coram nobis does not lie for newly discovered evidence unless the newly discovered evidence is of such conclusive nature that, if known, would have resulted in a different judgment. Robinson v. Johnston, 9 Cir., 118 F.2d 998, 1001; 24 C.J.S., Criminal Law, § 1606, p. 149. It is most frequently invoked in cases where it is claimed that a defendant or party at time of trial was so insane that he could not intelligently participate therein. People v. Reid, 195 Cal. 249, 232 P. 457, 36 A.L.R. 1435. The writ lies for an error of fact not apparent on the record, not attributable to accused's negligence, and which, if before the court, would have prevented rendition of the judgment 24 C.J. S., Criminal Law, § 1606, p. 147. The newly discovered evidence mentioned in defendant's petition is not of this character. In fact, the new evidence would not be sufficient to warrant a new trial for newly discovered evidence upon motion seasonably made. The evidence, if believed by the jury, is not of such materiality or importance that it would in any manner change the verdict of the jury. It is cumulative in character, and is offered to con-

tradict a witness as to an immaterial statement.

Defendant says that he is entitled to the writ because he has three witnesses who will contradict Walter Ely, a government witness. The petition alleges that Ely stated at the trial that he spent the evening of the day following the date of the alleged offense (after seven o'clock) in company with one Dow Law, whereas, in fact, he was at defendant's home in company with defendant and one Nessleroad. The whereabouts of Ely, a witness, on this particular evening after seven o'clock is immaterial. Whether the witness Ely spent the hours from seven until ten o'clock P. M. on the day following the commission of the crime at Taylor's home or elsewhere, is of little consequence since nothing of importance happened during these hours. Furthermore both defendant and Nessleroad testified at the trial in behalf of defendant, and such new evidence would be only cumulative.

Secondly, the writ of error coram nobis is not intended to relieve a party from the consequences of his own negligence. It is not available where the facts were known at the trial, or by the exercise of due diligence could have been ascertained. 24 C.J.S., Criminal Law, § 1606, p. 148. If Ely spent the evening in question with defendant and Nessleroad, the defendant knew of that fact and knew the names of others who were with them. If he considered such evidence material, he should have called other witnesses to corroborate his testimony and that of Nessleroad upon this point. He was released on bail prior to and pending his trial and had ample opportunity to call any and all witnesses desired for his defense. Instead, he did not elect to call his mother and two roomers, then residing in his home, to testify to these same facts. He makes no attempt to explain his failure to call them. After the verdict of the jury has been returned and judgment pronounced, he seeks by writ of error coram nobis to have the judgment set aside because of what defendant calls "newly discovered evidence". That evidence is the affidavits of defendant's mother and two roomers then residing in his home, corroborating the evidence of defendant and Nessleroad, to the effect that Ely was at defendant's home after seven o'clock on this particular night.

The petition states that Ely and Law both testified at the trial that they remained together during the evening in question. This allegation is denied. I do not remember any such testimony, but for the purpose of this demurrer, all such statements of facts in the petition are taken as true.

The petition herein does not state facts sufficient to entitle the petitioner to a writ, and for that reason the demurrer is sustained.