**STATE of Missouri, Respondent,**

**v.**

**John CRUMP, Appellant.**

**Nos. 51668, 51669.**

Supreme Court of Missouri,
Division No. 1.

Feb. 13, 1967.

Motion for Rehearing or to Transfer to Court
En Banc Denied March 13, 1967.

Norman H. Anderson, Atty. Gen., Paul N. Chitwood, Asst. Atty. Gen., Jefferson City, for respondent.

HIGGINS, Commissioner.

Appellant pleaded guilty to two charges of murder in the first degree, Section 559.-010, V.A.M.S., and was sentenced by the court to life imprisonment on each charge. He moved thereafter under Criminal Rule 27.26, V.A.M.R., to vacate the judgment and sentence in each case, and his appeals from the orders denying such motions have been combined.

These cases began with the filing of felony complaints in the Magistrate Court of Washington County, Missouri, arising from two homicides on July 18, 1959. The complaints were made by Robert L. Carr, Prosecuting Attorney of Washington County. On July 27, 1959, appellant waived preliminary hearing in both cases and was ordered held for trial in the circuit court.

On August 8, 1959, the prosecuting attorney filed information on his oath in each of the cases. On September 4, 1959, defendant, by attorney of his own selection, David L. Colson, filed Affidavit for Change of Venue and Disqualification of the Judge in each case and, on September 8, 1959, venue in each case was awarded to Jefferson County in the 23rd Judicial Circuit of Missouri.

On November 16, 1959, Honorable Emery W. Allison of the 25th Judicial Circuit assumed jurisdiction of these cases and, on that date and in· each case, the defendant appeared in person and by his attorney, David L. Colson. Further record at that time in each case shows: "And now the defendant being duly arraigned, waives the reading of the information and enters his voluntary plea of guilty to the charge of Murder in the First Degree, the nature of said charge and the range of punishment therefor having been fully explained to the defendant. And the Court states to the defendant that he has voluntarily entered his plea of guilty to the charge of Murder in the First Degree, a felony, and now asks the defendant if he has any legal reason to give why judgment should not be pronounced upon him in accordance with his plea of guilty and the defendant says nothing." The court thereupon assessed defendant's punishment at life imprisonment and entered sentence and judgment accordingly in each case.

On February 25, 1965, appellant filed his motions to vacate judgment and sentence. The motions are identical except for case number and name of victim. On April 20, 1965, John Anderson, Attorney at Law, Hillsboro, Missouri, was appointed counsel for appellant in respect to these motions.

On July 30, 1965, the foregoing motions came on for hearing at which appellant was represented by Mr. Anderson, and "upon

the pleadings and argument of counsel, the court, in causes entitled State of Missouri versus John Crump, Jefferson County Circuit Court Docket Number 19363 CR and State of Missouri versus John Crump, Docket Number 19364, denies the motion in each cause previously filed by defendant John Crump to vacate judgment and sentence." Mr. Anderson secured an order granting appellant leave to appeal in *forma pauperis,* filed notice of appeal and, thereafter, with leave of court, withdrew as counsel.

Appellant says first that his convictions violate his constitutional rights because they were had upon information rather than on indictment of a grand jury as provided by Amendment V, United States Constitution.

■ The Fifth Amendment does provide, with exceptions not involved here, that no person shall be held to answer for a capital crime unless on a presentment or indictment of a grand jury. Such limitation does not govern these prosecutions, however, because it has no application to state procedure, and Article I, Section 17, Missouri Constitution, V.A.M.S., authorizes criminal prosecution by indictment *or* information. State v. Waller, Mo., 382 S.W. 2d 668, 671 [4]; State v. Martin, Mo., 395 S.W.2d 97, 99–100 [2–4]; Hurtado v. People of State of California, 110 U.S. 516, 534, 4 S.Ct. 111, 292, 28 L.Ed. 232.

Appellant's second contention, although making some observations about one Skiles who allegedly got him intoxicated, is that "the information is a null and void document, insufficient of verifications of an accusation."

■ Both informations set out the method and means by which the killings were accomplished and they contain all the essential elements of the offense of murder in the first degree as defined in Section 559.010. The information in Case 19363 states "that one John Crump at and in the County of Washington and State of Missouri, on or about the 18th day of July,

1959, did then and there willfully, unlawfully and feloniously, after deliberation and premeditation, and of his malice aforethought, strike, kill and murder one Bobbie Lou Shipp, with a certain Stevens 12 gauge shotgun, serial #95803, which he, the said John Crump, then and there held in his hands and struck against and upon the head of the said Bobbie Lou Shipp, by which means fatal wounds were thereby feloniously and with deliberation, premeditation and malice aforethought inflicted upon the said Bobbie Lou Shipp; contrary, etc., * * *." The information in Case 19364 is in the same form and contains the same allegations except to charge that John Crump did "shoot, kill and murder one G. L. Barr, by then and there discharging a certain Stevens 12 gauge shotgun loaded with powder and shot, etc., * * *." These informations are similar to forms approved many times. See for examples: State v. Floyd, Mo., 403 S.W.2d 613, 615; State v. Finn, Mo., 243 S.W.2d 67, 70 [1].

■ In respect to verification, both the complaints and informations were made upon the official oath of Robert L. Carr, Prosecuting Attorney of Washington County, Missouri, and Criminal Rule 24.16 and Section 545.240, V.A.M.S., expressly provide that the prosecuting attorney may verify an information upon information and belief. "It is only where the information is supported by the affidavit of a private individual that such person must have actual knowledge of the offense." State v. Pace, Mo., 402 S.W.2d 351, 354 [3, 4]; State v. Statler, Mo., 383 S.W.2d 534, 536 [1]. So also in appellant's State v. Simpson, 136 Mo.App. 664, 118 S.W. 1187.

■ Appellant next "presents he has never premeditated, deliberated nor wanted to kill any person in his life * * *." He urges several propositions, namely, that circumstances may create a suspicion of guilt but are also consistent with innocence; that elements of premeditation and deliberation are not presumed from a killing with a deadly weapon; that premeditation means

thought beforehand and deliberation means the act is done in a cool state of blood, and then argues on these propositions and that of his intoxication. None of these matters is the point here, however, and appellant states his situation correctly only when he recognizes by his own citation, State v. Reppley, 278 Mo. 333, 213 S.W. 477, 479 [3], that a plea of guilty is a confession of the truth of the facts stated in the information. It has been demonstrated previously that these informations contain all the elements and factual allegations essential to the offense of murder in the first degree, and the record clearly shows that on November 16, 1959, the appellant appeared in court in person and with counsel of his own choosing; that he was duly arraigned and waived reading of the informations; that he voluntarily entered pleas of guilty to the charges of murder in the first degree contained in the informations, only after the nature of the charges and range of punishment were explained; that he was granted an opportunity to say why sentence should not be pronounced. He makes some references to youth, ignorance, fear, and to his alleged intoxication when he killed his victims, but he has failed to plead facts whereby those or any other allegations establish, if proved, any claimed invalidity of these judgments. State v. Warren, Mo., 344 S.W.2d 85, 87 [6]. On the contrary, and under the circumstances here, appellant, by his guilty pleas to informations sufficient to charge murder in the first degree, admitted his guilt and the truth of all the charges, allegations, and elements contained in such informations. State v. Hadley, 249 S.W. 2d 857, 860 [1]; State v. Gray, Mo., 406 S.W.2d 580, 583 [4]; Dusenberg v. Rudolph, 325 Mo. 881, 30 S.W.2d 94, 96 [5].

Appellant's transcripts show second motions for relief under Rule 27.26 in which he couples attacks on his life sentences with attacks on sentences of 75-years' imprisonment on charges of assault with intent to kill entered in cases C4013 and C4014 on November 20, 1959. The trial court does not appear to have considered these second motions and rightly so, because in a proceeding under Rule 27.26 it is improper to attack more than one judgment in a single motion. State v. Engberg, Mo., 391 S.W.2d 868, 869 [1]. And the judgments in C4013 and C4014 were not entered at the same time as the judgments in 19363CR and 19364CR (the differences in case numbering suggest even a different venue), and they are not shown to have involved related offenses to warrant consideration on this appeal as in State v. Macon, Mo., 403 S.W.2d 630, 631 [1].

Appellant's motions stated no facts to raise an issue of the constitutional validity of his convictions, and the trial court, therefore, properly denied the motions on the files and records and the motion itself, without the necessity of an evidentiary hearing. State v. Engberg, supra, 391 S.W. 2d 1. c. 871.

Judgment affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM.

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All concur.